UNITED STATES of America, Plaintiff–Appellee,

v.

Robert L. SMITH, Defendant–Appellant.

No. 88–2563.

United States Court of Appeals, Tenth Circuit.

March 29, 1990.

David Cooper, Asst. U.S. Atty. (Benjamin L. Burgess, Jr., U.S. Atty., and Kurt J. Shernuk, Asst. U.S. Atty., with him on the briefs), Topeka, Kan., for plaintiff-appellee.

Michael L. Harris, Asst. Federal Public Defender (Charles D. Anderson, Federal Public Defender, with him on the brief), Kansas City, Kan., for defendant-appellant.

Before LOGAN and BALDOCK, Circuit Judges, and PHILLIPS *, District Judge

PHILLIPS, District Judge.

"Dates are important." *Derstein v. Van Buren,* 828 F.2d 653, 654 (10th Cir.1987). So are prepositions. In this case we examine the chronology of a defendant's criminal record and interpret the meaning of the preposition "within" in the context of a Sentencing Guideline utilized in computing a defendant's criminal history category. Riding on the outcome of this interpretation is whether the defendant's permissible sentencing range is 70 to 87 months, or 92 to 115 months. We hold that the higher

* The Honorable LAYN R. PHILLIPS, United States District Judge for the Western District of Oklahoma, sitting by designation.

range governs and AFFIRM the sentence imposed by the district judge.

## I.

On June 24, 1988, defendant Robert L. Smith entered a plea of guilty in the United States District Court for the District of Kansas to one count charging him with the December 12, 1987 kidnapping of Linda Lampley, defendant's former wife. [Vol. I at 3]. A presentence report was ordered and a sentencing hearing was set for September 16, 1988.

The statutory penalty for kidnapping is a term of imprisonment for any term of years or for life. 18 U.S.C. § 1201(a). Because defendant's kidnapping offense was committed after November 1, 1987, the Sentencing Reform Act of 1984 was applicable. Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, §§ 211–39, 98 Stat. 1837, 1987–2040 (1985) ("the Act"). The Probation Officer's application of the Act's Sentencing Guidelines ("the guidelines") produced a recommended range of punishment from 92 to 115 months. This range was set forth in the presentence report. [Vol. II at 8].

Prior to the sentencing date, the parties were given an opportunity to lodge objections to the presentence report. Defendant's objections focused on the Probation Officer's computation of defendant's criminal history category under the guidelines. Specifically, Smith objected to the Probation Officer's inclusion of six points given for two state court sentences imposed on Smith *after* December 12, 1987, the date of the Lampley kidnapping, but prior to the September 16, 1988 sentencing proceeding on the kidnapping charge. [Vol. II at 15].

The six point addition to defendant's criminal history score arose out of two sentences imposed by a Minnesota state court judge on March 22, 1988, more than three months after the December 12, 1987 kidnapping offense. [Vol. II at 5–7]. Specifically, on March 22, 1988, in the District Court of Hennepin County, Minneapolis, Minnesota, Smith was sentenced to 15 months incarceration following his plea of guilty to the charge of being a convicted felon in possession of a handgun. Defendant committed this offense on December 30, 1987. *Id.* Also, on March 22, 1988, defendant's probation from a 1984 felony assault conviction was revoked and defendant was sentenced to 21 months incarceration. The Minnesota state judge who sentenced the defendant ordered the two sentences to run concurrently. [Vol. II at 5–7].[1] As noted above, the sentencing for both of these Minnesota offenses occurred after the events which formed the basis of the kidnapping charge but prior to the sentencing on the kidnapping charge.

On September 16, 1988, defendant appeared for sentencing in Kansas federal court on the kidnapping charge.[2] Defendant objected to the presentence report on the ground that the 1988 Minnesota sentences did not qualify as "prior sentences" for purposes of computing defendant's criminal history category for sentencing on the 1987 kidnapping. He argued that the guidelines only included as "prior sentences" those sentences imposed by a court prior to the commission of the instant offense. [Vol. III at 3–5]. Relying on guideline Section 4A1.2(a)(1), the government asserted that "prior sentence" meant any sentence previously imposed. [Vol. III at 5]. The district court overruled defendant's objections, found the relevant guideline range to be 92 to 115 months, and sentenced appellant to a term of imprisonment of 92 months, the very bottom of the guideline range.[3] According to defendant, had the trial court applied the guidelines correctly, and deleted the 1988 Minnesota

---

1. In the presentence report, 3 points each were given for the 15 month and 21 month sentences. [Vol. II at 5–7]. See United States Sentencing Commission, *Guidelines Manual,* § 4A1.2(k)(2) and commentary (n. 11).

2. At the time of his appearance in Kansas federal court, defendant was a Minnesota state prisoner, appearing by Writ of Habeas Corpus Ad

Prosequendum. [Vol. II at 1]. He was returned to Minnesota state custody following the federal sentencing proceeding.

3. Vol. III at 6, 11 and 14. This sentence was based on an offense severity rating of 26 and a criminal history category of IV. [Vol. II at 8].

sentences from defendant's criminal history score on the 1987 kidnapping, his sentencing range would be 70 to 87 months.[4]

This appeal followed. The sole issue on appeal is whether the Minnesota sentences, imposed after the date of defendant's kidnapping offense, but prior to the date of the sentencing on the kidnapping charge, are "prior sentences" for purposes of the guidelines.

## II.

The Sentencing Reform Act of 1984 was enacted to achieve greater uniformity in the sentencing of federal crimes. Its provisions "are designed to structure judicial sentencing discretion, eliminate indeterminate sentencing, phase out parole release, and make criminal sentencing fairer and more certain." S.Rep. No. 225, 98th Cong., 2d Sess. 65, *reprinted in* 1984 U.S. Code Cong. & Admin.News 3182, 3248. The Act provides that "[e]xcept as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... shall be sentenced in accordance with the provisions of this chapter." 18 U.S.C. § 3551(a) (Supp. V 1987) (current version at 18 U.S.C. § 3551(a) (1988)).

The guidelines adopted pursuant to the Sentencing Reform Act are an integrated, comprehensive set of rules intended to replace the former system of federal sentencing. In January 1989, the Supreme Court upheld the constitutionality of the guidelines and the Sentencing Reform Act against challenges that the Act constituted an unconstitutional delegation of legislative authority and that, together with the guidelines, the Act violated the constitutional doctrine of separation of powers. *Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989). The guidelines establish a recommended range of determinate sentences based in part on categories of offenses and the history and characteristics of the defendant. In general, a sentencing court must select a sentence within a guideline's range but may depart from the guidelines if it "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." 18 U.S.C. § 3553(b). This case does not involve an alleged improper departure, *e.g., United States v. White*, 893 F.2d 276, 277 (10th Cir.1990), but rather a challenge to the guideline range selected by the district court.

■ This court reviews sentences imposed under the guidelines according to the statutory standard provided by the Sentencing Reform Act of 1984 and codified at 18 U.S.C. § 3742. Section 3742(e) provides, in relevant part:

Consideration.—Upon review of the record, the court of appeals shall determine whether the sentence—

(1) was imposed in violation of law;

(2) was imposed as a result of an incorrect application of the sentencing guidelines;

(3) is outside the applicable guideline range, and is unreasonable, having regard for—

(A) the factors to be considered in imposing a sentence, as set forth in chapter 227 of this title; and

(B) the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or

(4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

While we must give "due deference to the district court's application of the guidelines to the facts," 18 U.S.C. § 3742(e), we review the application of the guidelines fully for errors of law. *United States v. Kirk*, 894 F.2d 1162 (10th Cir.1990) ("legal conclusions with respect to the guidelines are subject to *de novo* review"); *United States v. Smith*, 888 F.2d 720, 723 (10th Cir.1989);

---

**4.** This computation is based on a criminal history category of II and an offense severity rating of 26.

*United States v. Otero,* 868 F.2d 1412, 1414 (5th Cir.1989).

■ The guidelines must be interpreted as if they were a statute or a court rule. *Cf. Mistretta v. United States,* 109 S.Ct. at 664–65; *United States v. Goldbaum,* 879 F.2d 811, 813 (10th Cir.1989). As with statutory interpretations, our analysis must begin with the language of the guidelines in question. In the absence of express contrary intent we must follow the clear and unambiguous language of the guidelines. *United States v. Goldbaum,* 879 F.2d at 813.

### III.

■ Under the guidelines, a defendant's criminal history category is to be determined independently of the offense level. *United States v. Goldbaum,* 879 F.2d 811 (10th Cir.1989); *United States v. Reyes-Ruiz,* 868 F.2d 698, 700 (5th Cir.1989). The rules for calculating a defendant's criminal history category are delineated in Chapter Four of the guidelines. Under Section 4A1.1, points are given for each "prior sentence."

■ The term "prior sentence" is defined in guideline section 4A1.2(a)(1). A "prior sentence" is "any sentence previously imposed upon adjudication of guilt.... for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). The number of points given for each "prior sentence" is dependent on the length of the prior sentence. U.S.S.G. § 4A1.1(a)–(c). A "prior sentence of imprisonment" greater than one year and one month is given three (3) criminal history points. U.S.S.G. § 4A1.1(a). Here the two March 22, 1988 Minnesota sentences were undeniably imposed prior to the September 16, 1988 kidnapping sentence. Similarly, it is undisputed that the Minnesota sentences represented conduct which was not part of the kidnapping offense. Moreover, it is undisputed that both sentences were in excess of one year and one month. This, however, does not end our inquiry.

Section 4A1.2(e)[5] defines the applicable time period for prior sentences and provides:

(1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month that resulted in the defendant's incarceration during any part of such fifteen-year period.

(2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.

(3) Any prior sentence not within the time periods specified above is not counted.

Because defendant's 92 month kidnapping sentence arose out of a December 12, 1987 kidnapping, defendant contends that the sentences imposed by the State of Minnesota on March 22, 1988, are not "within" the time period defined in Section 4A1.2:

Appellant asserts that Section 4A1.2(e) is clear and it's [sic] expression of intent unambiguous. A sentence of imprisonment longer than one year and one day [sic] imposed within fifteen years of "commencement of the instant offense" is counted. United States Sentencing Commission Guidelines Manual, Section 4A1.2(e), page 4.5. Otherwise it is not. Translating that statement into the factual context of this case, the applicable time period for counting a prior sentence of longer than one year and one day [sic] would include any such sentence imposed within fifteen years of December 12, 1987. The challenged sentences were not imposed within these parameters, and cannot be used to increase Appellant's Criminal Record History Category.

Appellant's Brief at 5–6. Under defendant's theory, any sentence imposed after the commission of the instant offense would not qualify as a "prior sentence."

**5.** The second sentence of Section 4A1.2(e)(1) was amended effective November 1, 1989, for purposes of clarification. *See* U.S.S.G. APP. C, numbered paragraph 262 at p. C.136. The amendment is not at issue in this appeal.

The government, on the other hand, focuses on the meaning of the word "within", as well as the Sentencing Commission's Commentary and Supplementary Illustrations which accompany the guidelines. A careful review of these materials supports the government's position.

At oral argument government counsel observed that one who promises to arrive at a function "within" fifteen minutes of 10:00 a.m. fulfills that obligation if he/she arrives at 9:45 a.m. or 10:15 a.m. Support for this interpretation is found in Webster's Third New International Dictionary (1981), which defines "within" as a preposition meaning "not longer in time than before the end or since the beginning of," and "used as a function word to indicate a specified difference or margin of error." Webster's at 2627. One example provided by Webster's is: "came within two percentage points of a perfect mark." Another example provided is: "guessed her weight to within two pounds." The plain meaning of the word "within" thus cuts against defendant's assertion that only sentences imposed prior to December 12, 1987 qualify as "within" fifteen years of the defendant's commencement of the instant offense.

Defendant's interpretation is also at odds with the clear intention of the Sentencing Commission as reflected by the "commentary" to guideline Section 4A1.2.

■ Section 1B1.7 of the sentencing guidelines provides that the "commentary" to the guidelines may serve three purposes: (1) to interpret the guidelines or explain how they are applied; (2) suggest circumstances which may warrant departure from the guidelines; and (3) provide background information and factors considered in promulgating the guidelines and reasons underlying the guidelines. The commentary to Section 1B1.7 anticipates that "courts will treat the commentary much like legislative history." U.S.S.G. § 1B1.7, commentary. Indeed, we view the commentary "essential in correctly and uniformly applying the guidelines." *United States v. Rutter*, 897 F.2d 1558, 1561 (10th Cir.1990) (1990 WL 25690); *United States v. Carroll*, 893 F.2d 1502, 1511 (6th Cir.1990);

*United States v. Smeathers*, 884 F.2d 363, 364 (8th Cir.1989); *United States v. Ofchinick*, 877 F.2d 251, 257 (3rd Cir.1989). Because guideline Section 4A1.2(e) is less than a model of clarity when read in light of the other criminal history guidelines, we have carefully examined the Commission's commentary and illustrations to ascertain its meaning. The Commentary to Section 4A1.2 provides as follows:

> Prior sentence means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. *See,* § 4A1.2(a). A sentence imposed after a defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

U.S.S.G. § 4A1.2, commentary (n. 1). The intent of the Sentencing Commission, as reflected in its commentary, supports the trial court's decision to include the March 22, 1988, Minnesota sentences as "prior sentences" in this case.

Further support for this interpretation is found in the Sentencing Commission's Supplementary Illustrations. On January 7, 1988, the Sentencing Commission issued its Supplementary Illustrations for computing criminal history. One of the examples provided by the Commission is strikingly similar to the instant case, and provides a window to the Commission's intent in the drafting of its "prior sentence" guidelines. The Supplementary Illustration provides in pertinent part as follows:

> I.  CRIMINAL HISTORY CATEGORY AND INSTRUCTIONS AND DEFINITIONS FOR COMPUTING CRIMINAL HISTORY (§§ 4A1.1 and 4A1.2)
>
> The examples below illustrate the interaction of §§ 4A1.1 and 4A1.2 in the computation of criminal history points.
>
> A.  *Prior Sentence Defined.*
>
> . . . .
>
> *Example A.2.* The instant offense (a bank robbery) was committed on 11–1–87. The defendant was arrested for that offense on 12–1–87 and is to be sen-

tenced on 4–2–88. The defendant's criminal history includes a conviction for assault resulting from an offense (involving a fight in a bar) committed on 11–12–87 (at age 23). On 2–2–88, the defendant was sentenced to a $500 fine and restitution in the amount of $278 for that offense.

One criminal history point is assigned under § 4A1.1(c) for the sentence imposed on 2–2–88. This sentence is a "prior sentence" because it was imposed prior to sentencing on the instant offense for conduct that was not part of the instant offense. Note that a "prior sentence" may include a sentence that was imposed after the commission of the instant offense for conduct that occurred either before or after the instant offense. *See* § 4A1.2(a)(1) and the Commentary to § 4A1.2 (Application Note 1).

The Commission's illustration is directly on point. Like the instant case, the illustration involves the same chronological sequence: a defendant's commission of Crime A, the defendant's subsequent sentencing on Crime B (which was not part of Crime A), and then a subsequent sentencing on Crime A. Under such circumstances, it is clear that the Commission intended for Crime B to qualify as a "prior sentence" when computing the criminal history category for Crime A. In the instant case, Crime A is defendant's December 12, 1987, kidnapping, the sentencing on Crime B is represented by defendant's March 1988, Minnesota sentences, and the sentencing on Crime A is represented by the September 1988 kidnapping sentencing. To the extent Section 4A1.2(e) is ambiguous regarding the meaning of the word "within", the Commission's commentary and illustrations resolve that ambiguity in favor of the government's interpretation.

The word "within" is not mere verbiage. It must have meaning and does have meaning, but not the meaning advanced by defendant. We read guideline Sections 4A1.2(e) and 4A1.2(a)(1) to include as "prior sentences" the two March 1988, Minnesota sentences imposed after defendant's December 12, 1987, kidnapping offense, but prior to defendant's September 1988, sen-

tencing on the kidnapping offense. Because we conclude that defendant's permissible sentencing range was 92 to 115 months under the guidelines, and because the 92–month sentence imposed by the district court fell within this guideline range, we AFFIRM the sentence imposed by the United States District Court for the District of Kansas.

AFFIRMED.