**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James Sherman WALKER,**
**Defendant–Appellant.**

No. 89–6143

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 25, 1990.

Theodore Sakowitz, Federal Public Defender, Gregory A. Prebish, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Dexter Lehtinen, U.S. Atty., Linda Collins–Hertz, Harriett R. Galvin, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

During a two-month period in 1988, appellant, in an apparent effort to feed his

drug habit, committed four bank robberies. He was convicted in state court for the third and fourth robberies and sentenced to prison terms of five and a half years. Following the imposition of these sentences, a federal grand jury indicted appellant for the first two robberies; he pled guilty, and the district court sentenced him to concurrent prison terms of sixty months. He now appeals these sentences. We affirm.

Appellant contends that the district court erroneously increased his criminal history category by 3 points, pursuant to Sentencing Guidelines § 4A1.1(a), based upon his convictions in state court for the third and fourth bank robberies. He claims that these robberies do not constitute prior criminal conduct, but rather subsequent criminal conduct not demonstrating a potential for recidivism.*

The Government contends that the district court correctly applied Sentencing Guidelines §§ 4A1.1 and 4A1.2 in arriving at its three-point increase in appellant's criminal history category based on his "prior sentences of imprisonment." We agree with the Government that one need not look beyond the clear and unambiguous language of the guidelines to resolve this appeal.

██ Section 4A1.1(a) directs that in calculating the criminal history category, 3 points be added "for each prior sentence of imprisonment exceeding one year and one month." The determination of an offender's criminal history is governed by the definitions and instructions contained in section 4A1.2; therefore, sections 4A1.1 and 4A1.2 must be read together. *See* U.S.S.G. § 4A1.1 commentary. According to these sections, the term "prior sentence" means *"any sentence* previously imposed upon adjudication of guilt." U.S.S.G. § 4A1.2(a)(1) (emphasis added). The commentary for section 4A1.2 is dispositive: " 'Prior sentence' means a sentence imposed prior to sentencing on the instant offense, other than conduct that is part of

the instant offense.... A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. § 4A1.2 commentary note 1. In sum, the guidelines fully support the district court's consideration of appellant's prior state court sentences in determining his criminal history category.

While this court has not previously addressed an issue similar to the one presented here, the Tenth Circuit has. In *United States v. Smith,* 900 F.2d 1442 (10th Cir. 1990), that court held that state sentences imposed for crimes committed after the date of the defendant's federal offense of conviction but before the imposition of his sentence for that offense should be taken into account in arriving at the defendant's criminal history category. Relying on Sentencing Guidelines §§ 4A1.1 and 4A1.2, that court had little difficulty approving the district court's decision, observing that "[t]he guidelines must be interpreted as if they were a statute or a court rule." *Smith,* 900 F.2d at 1446 (citing *Mistretta v. United States,* 488 U.S. 361, 390–91, 109 S.Ct. 647, 664–65, 102 L.Ed.2d 714 (1989)).

In a case somewhat similar to the one before us, this court grappled with the question of how to treat post-plea offenses under the guidelines. *See United States v. Fayette,* 895 F.2d 1375 (11th Cir.1990). In *Fayette,* we stated that

> [p]ost-plea offenses, no less than offenses which occur prior to the entry of a plea, implicate the concerns which led to the creation of a criminal history category with guided departure provisions.... Post-plea offenses, like pre-plea offenses, involve additional criminal activity by the defendant. Moreover, both ... occur prior to sentencing and the entry of final judgment ..., [and both] make a defendant more culpable and suggest the like-

---

\* Appellant also suggests that the four robberies should be treated as a continuous, uninterrupted course of drug-induced criminal conduct. We reject this suggestion. *See United States v.*

*Jones,* 899 F.2d 1097, 1101 (11th Cir.1990) (robbery of one bank and attempted robbery of second bank unrelated though occurring approximately one and one-half hours apart).

lihood of recidivism and future criminal behavior.

*Id.* at 1380.

When reviewing a sentence imposed under the guidelines, we consider the district court's application of the guidelines to the facts as questions of law. *See United States v. Scroggins,* 880 F.2d 1204, 1206 n. 5 (11th Cir.1989). In this case, the district court's determination of appellant's criminal history category is consistent with the policy underlying the use of the defendant's criminal history in fashioning a sentence, in that a "defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment.... [R]epeated criminal behavior will aggravate the need for punishment with each recurrence." U.S. S.G. ch. 4, pt. A intro. commentary. Appellant's sentence is

AFFIRMED.