943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Thomas FREEMAN, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dianne Smith FREEMAN, Defendant-Appellant.
 Nos. 91-5299, 91-5300.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 10, 1991.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-78-C)
 George V. Laughrun, II, B. Grant Smithson, Charlotte, N.C., for appellants.
 Thomas J. Ashcraft, United States Attorney, Kenneth D. Bell, Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles and Dianne Freeman pled guilty to possession of cocaine with intent to distribute (21 U.S.C. § 841 and 18 U.S.C. § 2), and appeal the sentences they received. They each contend that criminal history points were improperly assigned for a state drug conviction. We affirm.
 
 
 2
 In July 1990, a federal indictment charged the Freemans with drug offenses which occurred in July 1988. They pled guilty in November 1990 and were sentenced in April 1991.
 
 
 3
 The Freemans were also prosecuted in state court for unrelated drug offenses which took place in August 1989. They pled guilty to the state charges in March 1990 and were sentenced in October 1990.
 
 
 4
 The probation officer gave each of the Freemans three criminal history points for the state conviction pursuant to U.S.S.G. § 4A1.1(a). At the sentencing hearing, the Freemans objected that points should not have been assigned because the state offense took place after the federal offense and was not, they reasoned, a prior offense. The district court found that the state sentence came within the definition of a prior sentence in that it had been previously imposed, see section 4A1.2(a)(1), and that points were properly assigned. We agree. Application note 1 to section 4A1.2 clarifies the definition of "prior sentence" given in the guideline.
 
 
 5
 "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See § 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense. Authority from other circuits supports this conclusion.
 
 
 6
 United States v. Hoy, 932 F.2d 1343 (9th Cir.1991); United States v. Walker, 912 F.2d 1365 (11th Cir.1990), cert. denied, 59 U.S.L.W. 3563 (U.S.1991); United States v. Altman, 901 F.2d 1161, 1165-66 (2d Cir.1990); United States v. Smith, 900 F.2d 1442 (10th Cir.1990).
 
 
 7
 We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED.