November 12, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 
No. 92-2357 

 UNITED STATES,
 Appellee,

 v.

 JOSE E. BONILLA-MARTINEZ,
 Defendant, Appellant.
 

No. 93-1517

 UNITED STATES OF AMERICA,
 Appellee,

 v.

 MARIO TORRES-MELENDEZ,
 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT
 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]
 
 

 Before

 Breyer, Chief Judge,
 
 Selya and Cyr, Circuit Judges.
 
 
Carlos R. Noriega on brief for appellant, Jose E. Bonilla-
 
Martinez.
John C. Keeney, Acting Assistant Atttorney General, Mary Lee
 
Warren, Chief, and William H. Kenety, Narcotic and Dangerous Drug
 
Section, on brief for appellee - No. 92-2357.
Jeffrey A. Rabin on brief for appellant, Mario Torres-Melendez.
 
Charles E. Fitzwilliam, United States Attorney, John C. Keeney,
 
Acting Assistant Attorney General, Mary Lee Warren, Chief, and Julie
 
J. Shemitz, Attorney, Criminal Division, Narcotic and Dangerous Drug
 
Section, on brief for appellee - No. 93-1517.
 

 

 Per Curiam. Appellants, Mario Torres-Melendez and Jose
 

Bonilla-Martinez, were charged with having been involved in a

large scale drug conspiracy which ran from 1985 until

appellants and others were indicted in 1990. Torres-Melendez

pled guilty to conspiracy to import cocaine in violation of

21 U.S.C. 846 and was sentenced to a term of imprisonment

of 292 months. Bonilla-Martinez pled guilty to one count of

conspiracy to possess with intent to distribute cocaine,

marijuana and heroin, in violation of 21 U.S.C. 841(a) and

846. He was sentenced to 87 months imprisonment, the

sentence to be served concurrently with a sentence of 264

months imprisonment imposed upon him in another case. Both

appellants appeal their sentences.

Bonilla-Martinez
 

 Bonilla-Martinez' sole argument on appeal is that the

sentencing court erred when it enhanced his criminal history

2 points, pursuant to U.S.S.G. 4A1.1(b), because of a prior

sentence of imprisonment of at least sixty days. Bonilla-

Martinez contends that since the criminal conduct for which

he was sentenced in that prior case occurred after the

criminal conduct for which he was indicted in the instant

case, the sentence in the first case is not a "prior

sentence" under the guidelines. 

 According to the application notes, a "prior sentence"

under 4A1.1 "means a sentence imposed prior to sentencing

on the instant offense, other than a sentence for conduct

that is part of the instant offense. See 4A1.2(a). A
 

sentence imposed after the defendant's commencement of the
 

instant offense, but prior to sentencing on the instant
 

offense, is a prior sentence if it was for conduct other than
 

conduct that was part of the instant offense." U.S.S.G. 
 

4A1.2, comment. (n.1) (emphasis added); see U.S.S.G. 4A1.1,
 

comment. (n.1) (term "prior sentence" defined at 4A1.2(a)).

Appellant does not contend that the conduct in the prior case

was part of the instant offense. 

 Appellant's contention that his prior sentence for

conduct unrelated to the present offense should not be

counted simply because that offense occurred after the

present offense is belied by the plain language of the

application notes and has been rejected by every circuit

court which has considered this issue. See, e.g., United
 

States v. Tabaka, 982 F.2d 100, 101-02 (3d Cir. 1992); United
 

States v. Beddow, 957 F.2d 1330, 1337 (6th Cir. 1992); United
 

States v. Hoy, 932 F.2d 1343, 1345 (9th Cir. 1991); United
 

States v. Walker, 912 F.2d 1365 (11th Cir. 1990), cert.
 

denied, 498 U.S. 1103 (1991); United States v. Smith, 900
 

F.2d 1442, 1446-47 (10th Cir. 1990). We too find no merit in

appellant's contention.

 -3-

Torres-Melendez
 

 Torres-Melendez raises three claims. First, he contends

that the court erred when it increased his offense level,

pursuant to U.S.S.G. 3B1.3, because he "used a special

skill, in a manner that significantly facilitated the

commission . . . of the offense." Second, he asserts that

the court erred in its determination of his criminal history

category. Third, he contends that his counsel at sentencing

was constitutionally ineffective. Since neither of the first

two issues were raised below, we review them only for "plain

error." "Under this standard, we review only 'blockbusters:

those errors so shocking that they seriously affect the

fundamental fairness and basic integrity of the proceedings

conducted below.'" United States v. Olivo-Infante, 938 F.2d
 

1406, 1412 (1st Cir. 1991) (quoting United States v. Griffin,
 

818 F.2d 97, 100 (1st Cir.), cert. denied 484 U.S. 844
 

(1987)).

 The presentence report, adopted by the sentencing court,

found that Torres-Melendez had "utilized his knowledge and

expertise in welding to facilitate the smuggling of

controlled substances into U.S. Territory." The report

indicates that he had welded compartments onto industrial

lawn mowers into which cocaine was secreted, that he had

modified an automobile gas tank to hold cocaine, that he had

opened and then resealed the cylinder of a steamroller into

 -4-

which cocaine was packed, and that he had constructed two

steel tanks used to transport molasses which concealed

cocaine. These acts clearly facilitated the commission of

the offense for which appellant was sentenced. Appellant

contends, however, that welding is not a "special skill" as

contemplated by the guidelines. 

 The guidelines explain a "special skill" as "a skill not

possessed by members of the general public and usually

requiring substantial education, training or licensing.

Examples would include pilots, lawyers, doctors, accountants,

chemists, and demolition experts." U.S.S.G. 3B1.3,

comment. (n.1); see also United States v. Connell, 960 F.2d
 

191, 197-98 (1st Cir. 1992). Welding of the sort performed

by appellant during the course of the conspiracy is not a

skill "possessed by members of the general public." 

Appellant contends, however, that welding is not a skill

requiring "substantial education, training or licensing."

Even if we were to agree, the guidelines indicate that these

characteristics are not always required for a finding that a

defendant possesses a "special skill." See United States v.
 

Spencer, Nos. 93-1041/1042, 1993 U.S. App. LEXIS 21651, at
 

*14 (2d Cir. Aug. 25, 1993) ("Because the comment adds the

word 'usually,' we find no basis for limiting the increase to

only those with formal educations or professional skills.");

United States v. Hummer, 916 F.2d 186, 191 (4th Cir. 1990),
 

 -5-

cert. denied, 111 S.Ct. 1608 (1991) (use of term "'usually' .
 

. . implies that substantial training is not a mandatory

prerequisite to making a special skills adjustment"). Hence,

we cannot say, as a matter of law, that welding is not a

"special skill" as contemplated by section 3B1.3.

 As far as the application of the guideline to appellant

is concerned, we do not ordinarily consider a challenge to

the application of a particular guideline when that challenge

has not been raised in the court below. See United States v.
 

Pilgrim Market Corp., 944 F.2d 14, 21 (1st Cir. 1991). The
 

rationale behind this rule is, in part, that, absent

objection, "the district court had a right to believe that

defendant agreed that the facts [in the presentence report]

were true and accurate." Id., (quoting United States v. Fox
 

889 F.2d 357, 359 (1st Cir. 1989). Further, the

determination of whether appellant's particular skill

justifies an increase under section 3B1.3 is "likely to

involve drawing sophisticated inferences from a web of

interconnecting facts." Connell, 960 F.2d at 198. "[W]hen a
 

defendant fails to raise the issue below, we have no factual

record by which to review the application of the

guidelines."1 United States v. Saucedo, 950 F.2d 1508, 1518
 

(10th Cir. 1991). In these circumstances, we find no plain

 

1. The factual record we do have indicates that, although
appellant had little formal education, "through work
experience he became an . . . excellent welder." 

 -6-

error in the court's increase of appellant's offense level

for possession of a "special skill." Cf. United States v.
 

Lopez, 923 F.2d 47, 50 (5th Cir.), cert. denied, 111 S.Ct.
 

2032 (1991) ("[q]uestions of fact capable of resolution by

the district court upon proper objection at sentencing can

never constitute plain error"); Saucedo, 950 F.2d at 1508
 

(same).

 Torres-Melendez also contends that the court erred in

assigning him a criminal history category of III. Category

III includes defendants who have accumulated between 4 and 6

criminal history points. Appellant concedes that 2 criminal

history points were properly assigned to him pursuant to

U.S.S.G. 4A1.1(d) because he committed the instant offense

while on probation. However, he asserts that the assignment

of 3 criminal points pursuant to 4A1.1(a) was in error. He

claims that only 1 point should have been added and therefore

that his criminal history category is properly II. 

 According to his presentence report, appellant was

sentenced to a three year term of imprisonment for

involuntary manslaughter/vehicular homicide in June 1983. 

After three months, this sentence was modified to probation. 

The proper number of points to be added to appellant's

criminal history category depends on whether appellant was

incarcerated between June and September 1983, a fact not made

clear by the presentence report. If appellant were

 -7-

incarcerated, 2 points should have been added to his criminal

history category. See U.S.S.G. 4A1.1(b) ("[a]dd 2 points
 

for each prior sentence of imprisonment of at least sixty

days"); id. 4A1.2, comment. n. 2 ("[t]o qualify as a
 

sentence of imprisonment, the defendant must have actually

served a period of imprisonment on such sentence"). If he

were not, however, his criminal history category should have

been increased only 1 point. See id. 4A1.1(c) ("[a]dd 1
 

point for each prior sentence not counted in (a) or (b)").

In any event, the government concedes that the 3 points

assigned by the presentence report was in error.2 However,

it contends that the error was harmless because 2 points

should have been added to appellant's criminal history and

this change would not affect his criminal history category.

 Once again, the failure to raise the objection below is

fatal to appellant's claim. Absent an adequately developed

factual record, we are without any means of determining

whether the court's admitted error in assigning appellant 3

criminal history points was anything more than harmless

error. Thus, we are unable to say that assigning appellant a

 

2. The record contains two different copies of the
presentence report, one of which assigns 3 criminal history
points for the 1983 sentence, the other 2. Both appellant
and the government assume that the court assigned 3 criminal
history points. Neither makes any mention of the other
version of the presentence report. For purposes of review,
we too assume that the court added 3 points.

 -8-

criminal history category of III was plain error.3 See
 

supra. 
 

 Finally, Torres-Melendez asserts that he received

ineffective assistance of counsel at sentencing. Since this

claim was not raised below, this court has neither a

developed factual record sufficient to sustain appellate

review nor the evaluation of the sentencing court as to the

merits of the claim. In such circumstances, this court has

repeatedly indicated that the proper vehicle for raising a

claim of ineffective counsel is through the filing of a

petition under 28 U.S.C. 2255. See United States v.
 

Sanchez, 917 F.2d 607, 612 (1st Cir. 1990), cert. denied 111
 

S.Ct. 1625 (1991) (citing cases).

 Affirmed.
 

 

3. Appellant's sentence of 292 months falls within the
range of 262-327 months to which he would be subject if his
criminal history category were II. Appellant has presented
no evidence, and the record reveals none, that the court
would have imposed a lesser sentence if the range were
different.

 -9-