65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Derrick D. JONES, Appellant.
 No. 95-1790.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 9, 1995.
Filed: Aug. 22, 1995.
 
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Derrick D. Jones appeals the sentence imposed by the district court after Jones pleaded guilty to drug and firearm charges. Jones contends the district court violated his constitutional right to due process in counting as a prior sentence for criminal history purposes a state felony conviction and sentence imposed after he committed the federal drug and firearm offenses. See U.S.S.G. Sec. 4A1.1(a). We reject Jones's due process claim. See United States v. Merino, 44 F.3d 749, 755 (9th Cir.1994), cert. denied, 115 S. Ct. 1802 (1995). The plain language of U.S.S.G. Sec. 4A1.2(a)(1) defining a prior sentence and the supporting explanatory commentary make clear that Jones's unrelated state court sentence was properly counted. United States v. Lara, 975 F.2d 1120, 1129 (5th Cir.1992); United States v. Smith, 900 F.2d 1442, 1446-48 (10th Cir.1990).
 
 
 2
 We reject Jones's perfunctory assertion that the district court's criminal history computation violated Jones's right to a presumption of innocence. Indeed, Jones's state offense was not counted until after he was convicted and sentenced in state court and his guilt was adjudicated in federal court.
 
 
 3
 Accordingly, we affirm Jones's sentence.