[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 96-5174

_____

D. C. Docket No. 95-6119-CR-KLR

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
02/18/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFFORD LAIHBEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(February 18, 1999)

Before ANDERSON, DUBINA and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Appellant Clifford Laihben appeals his 25-month sentence for conspiracy to make false statements to a federally licensed firearms dealer, in violation of 18 U.S.C. § 371. He asserts that the district court erred by increasing his base offense level under U.S.S.G. § 2K2.1(a)(4)(A).[1] To resolve this issue, we must determine whether the language "had one prior felony conviction" includes a felony conviction which occurred after the commission of, but before sentencing on, the federal firearms offense. Although the guideline language is ambiguous, the commentary is clear. Applying the commentary, we reject Appellant's argument.

## I. BACKGROUND

On October 16, 1993, Appellant robbed Jonathan Batchelor of his identification and personal belongings in New York State. Soon thereafter, Appellant used Batchelor's stolen identification to purchase several firearms in North Carolina and Florida. Appellant subsequently was arrested.

In December 1995, Appellant pled guilty to first degree robbery for his conduct in New York and was sentenced accordingly. Authorities then returned Appellant to Florida, where he was charged with and pled guilty to conspiracy to make false statements to a federally licensed firearms dealer in violation of 18 U.S.C. § 371. At

---

[1] Appellant also challenges his conviction by asserting that the district court erred in failing to suppress evidence recovered during a search incident to his arrest. We affirm the district court as to this issue. *See* 11th Cir. R. 36-1.

Appellant's September 26, 1996 federal sentencing, the district court included the 1995 New York robbery conviction as a prior felony conviction and accordingly assigned Appellant a base offense level of 20, pursuant to U.S.S.G. § 2K2.1(a)(4)(A). Appellant argues on appeal that the district court erred in calculating his offense level because he was convicted of the New York robbery after committing the federal crimes at issue in this case. Accordingly, he argues that his December 1995 conviction was not a prior felony conviction under U.S.S.G. § 2K2.1(a).

## II.   ANALYSIS

This Court reviews the sentencing court's application of the Sentencing Guidelines to a particular set of facts de novo. *United States v. Behr*, 93 F.3d 764, 765 (11th Cir. 1996).

Section 2K2.1(a) provides that a base offense level of 20 is appropriate if the defendant "had one prior felony conviction of either a crime of violence or a controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). Appellant concedes that the 1995 New York robbery conviction constitutes a "felony conviction" and a "crime of violence" for the purposes of § 2K2.1(a). He asserts, however, that the plain meaning of this section only refers to felony convictions occurring before the commission of his federal offense. He contends that the use of the past-tense verb "had," rather than the present-tense "has," unambiguously indicates that only pre-

3

offense felony convictions count for the purposes of § 2K2.1(a). Accordingly, he argues that the district court erred by considering his New York felony conviction which occurred after the commission of his federal offense.

Four circuits have addressed this issue. *See United States v. Pugh*, 158 F.3d 1308, 1309-1312 (D.C. Cir. 1998); *United States v. Gooden*, 116 F.3d 721, 724-725 (5th Cir. 1997); *United States v. Barton*, 100 F.3d 43, 44-46 (6th Cir. 1996); *United States v. McCary*, 14 F.3d 1502, 1505-1506 (10th Cir. 1994). The Sixth Circuit found the language to be unambiguous, and held that the use of the words "had" and "prior" only refers to felony convictions occurring prior to the conduct which forms the basis for the federal offense. *Barton*, 100 F.3d at 45. The District of Columbia, Fifth, and Tenth Circuits reached a contrary result. The District of Columbia and Fifth Circuits found this language to be ambiguous and looked to the commentary for guidance. *Pugh*, 158 F.3d at 1310-1311; *Gooden*, 116 F.3d at 724 n.5. These courts found the commentary to include felony convictions occurring before the time of sentencing for the federal offense rather than before the time of the federal offense. The Tenth Circuit reached the same conclusion as the District of Columbia and Fifth Circuits without analyzing the language of the guidelines or commentary. *McCary*, 14 F.3d at 1505-1506. We agree with the majority view for the reasons stated by the District of Columbia and Fifth Circuits.

The District of Columbia Circuit reasoned that the guideline language is ambiguous because "[w]ithout a point of reference, we do not know for sure whether 'had' and 'prior' refer to the time of the offense or the moment of sentencing . . . . [U]se of the past tense may simply indicate that any conviction sustained before the moment of sentencing should be included in the base offense level calculation." *Pugh*, 158 F.3d at 1310-11; *see also Gooden*, 116 F.3d at 724 n.5 (applying similar reasoning). We agree that the guideline language is ambiguous and accordingly look to the commentary for guidance. *See Stinson v. United States*, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it . . . is inconsistent with . . . that guideline.").

The commentary to § 2K2.1 directs the sentencing court to count any "prior conviction that receives any points under § 4A1.1 (Criminal History Category)." U.S.S.G. § 2K2.1(a), comment. (n.5). Accordingly, if Appellant's 1995 New York conviction qualifies for criminal history points under § 4A1.1, it will be deemed a prior conviction for purposes of determining his base offense level under § 2K2.1(a).

In *United States v. Walker*, 912 F.2d 1365 (11th Cir. 1990), this Court analyzed § 4A1.1 to determine whether a sentence imposed after the commission of the federal offense qualified for criminal history points. That analysis guides us here. Section

5

4A1.1(a) provides that a defendant receives criminal history points "for each prior sentence of imprisonment exceeding one year and one month." U.S.S.G. § 4A1.1(a). The commentary includes within the definition of "prior sentence" a "sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense . . . if it was for conduct other than conduct that was part of the instant offense." U.S.S.G. § 4A1.2, comment. (n.1). In *Walker*, we concluded that this language makes clear that the sentencing court should consider sentences imposed before the time of sentencing rather than before the time of the federal offense. *Walker*, 912 F.2d at 1366.

Appellant's 1995 sentence for robbery qualifies for criminal history points for purposes of § 4A1.1 because it was imposed prior to sentencing for the instant offense. It is therefore a prior conviction for purposes of § 2K2.1(a).[2]

---

[2] Our conclusion that "prior felony conviction" includes a felony conviction occurring after the commission of, but before sentencing on, the federal offense is bolstered by the fact that the commentary to § 2K2.1 fails to mention § 4B1.2(3), which defines "two prior felony convictions" as meaning that "the defendant committed the instant offense subsequent to sustaining at least two felony convictions." U.S.S.G. § 4B1.2(3). This language, if referenced in § 2K2.1, would bolster Laihben's position. Instead, § 2K2.1 only references § 4B1.2, subsections (1) and (2). Accordingly, § 4B1.2(3) is not applicable. *See* U.S.S.G. § 1B1.5(b)(2) ("An instruction to use a particular subsection or table from another offense guideline refers only to the particular subsection or table referenced, and not the entire offense guideline.").

For the above reasons, the district court properly considered Appellant's robbery conviction in determining his base offense level under § 2K2.1(a).

AFFIRMED.