[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 3, 2005
THOMAS K. KAHN
CLERK

No. 04-14757

_____

D. C. Docket No. 03-00231-CR-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNIE LEE MCKNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(November 3, 2005)**

Before BLACK, WILSON and COX, Circuit Judges.

PER CURIAM:

Appellant Johnnie Lee McKnight was charged by indictment with one count

of possessing counterfeit currency with the intent to defraud in violation of 18

U.S.C. § 472, and two counts of violating 18 U.S.C. § 922(g)(1) for the alleged possession of ammunition and a firearm by a convicted felon. Following a jury trial, McKnight was found guilty on all three charges. McKnight was sentenced to 121 months for the counterfeit charge, 120 months for possession of ammunition, and 120 months for possession of a firearm, each to be served concurrently. McKnight now appeals this sentence.

On appeal, McKnight claims under *Blakely v. Washington*, 542 U.S. __, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), (now governed by *United States v. Booker*, 543 U.S.___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005)) that the district court erred in determining that his prior state conviction for accessory to armed robbery was a crime of violence and in enhancing his sentence as a result. The South Carolina state plea agreement for McKnight's previous conviction stated that his prior offense was "non-violent." Despite this, the district court, pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) increased the offense level to 20 based on McKnight's previous conviction for accessory to armed robbery, stating that the notation in a state court document was not binding.

Additionally, McKnight claims that the district court erred under *Blakely* in granting a two-level enhancement for obstruction of justice based on his escape and a two-level enhancement for possession of a stolen firearm, pursuant to U.S.

2

Sentencing Guidelines Manual §§ 2K2.1(b)(4); 2K2.1(b)(5); & 3C1.1. McKnight

contends that neither of the underlying reasons for these enhancements were found

by a jury or admitted by him.

Since McKnight raised his *Blakely/Booker* argument before the district

court, we review his *Booker* claims *de novo* for harmless error. *United States v.*

*Paz*, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). If the district court made it

clear that it would have given the defendant the same sentence if the guidelines

were invalidated, then the constitutional *Booker* error was harmless beyond a

reasonable doubt. *See United States v. Robles*, 408 F.3d 1324, 1327-28 (11th Cir.

2005) (per curiam).

McKnight contends that the district court erred in enhancing his sentence

based on his prior conviction for a crime of violence because a South Carolina

court had deemed the conviction as non-violent in a plea resolution. We review

the district court's application of a Guideline to a particular set of facts *de novo*.

*United States v. Laihben*, 167 F.3d 1364, 1365 (11th Cir. 1999).

The term "crime of violence" is defined in U.S. Sentencing Guidelines

Manual § 4B1.2(a):

> a) The term "crime of violence" means any offense under federal or
> state law, punishable by imprisonment for a term exceeding one year
> that-

3

> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

"Crime of violence" includes "offenses of aiding and abetting, conspiring, and attempting to commit such offenses." *Id*. at § 4B1.2(a) n.1. Robbery is categorically a crime of violence under the guidelines. *Id*. Therefore, because the Guidelines define accessory to robbery as a "crime of violence," the district court did not make any qualitative factual findings in classifying McKnight's previous conviction as a "crime of violence." The district court merely applied the Sentencing Guidelines' definitions, and South Carolina's characterization of the crime as non-violent is irrelevant. *See United States v. Ayala-Gomez*, 255 F.3d 1314 (11th Cir. 2001) (per curiam) (noting absent explicit direction to the contrary, where state and federal law differ, federal law determines the proper application of the federal Sentencing Guidelines); *United States v. Springfield*, 196 F.3d 1180, 1185 (10th Cir. 1999) (holding that "escape" is always a violent crime under the Sentencing Guidelines, even if a state statute defines it as a nonviolent crime).

In *Booker*, the Supreme Court "left undisturbed its holding in *Almendarez-Torres v. United States*[, 523 U.S. 224, 118 S. Ct. 1219 (1998)], that recidivism is *not* a separate element of an offense that the government is required

4

to prove beyond a reasonable doubt." *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005) (brackets added) (emphasis in original), *cert. denied by* ___ S. Ct. ___, (No. 05-5141, Oct. 3, 2005). Accordingly, in *Orduno-Mireles* we observed that "the Court's holding in *Booker* . . . is not implicated when a defendant's sentence is enhanced based on a prior conviction." *Id.* To the extent that the Supreme Court's recent decision in *Shepard v. United States*,___ U.S.___, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005) arguably undermined *Almendarez-Torres*, that decision does not affect the outcome here. *Id*. at 963. Because *Almendarez-Torres* remains good law, the district court did not err in finding that McKnight should receive an enhancement based on his prior conviction. Thus, we conclude that the district court's use of prior convictions to enhance McKnight's sentence under a mandatory Guidelines system did not violate the Sixth Amendment.[1]

---

[1] McKnight raised the objection to the district judge's determination of his prior conviction as a crime of violence at the sentencing phase in the district court. However, unlike his objections relating to the enhancement for the stolen firearm and for obstruction of justice, he did not explicitly phrase the objection as a Sixth Amendment or *Blakely/Booker* objection. We note without holding that harmless error review is likely the correct standard of review for his argument as to this issue. Even if we were to determine that this argument was not adequately raised below, McKnight's argument would fail under the more difficult plain error standard. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, *Rodriguez v. United States*, 125 S. Ct. 2935 (2005). McKnight has not adequately established that the district court's "crime of violence" determination affected his substantial rights. Thus, McKnight cannot establish harmful error, nor can he meet the more onerous burden required for a showing of plain error.

Regarding the enhancements for possession of a stolen weapon and obstruction of justice, the constitutional *Booker* error was harmless beyond a reasonable doubt because it did not in any way affect McKnight's sentence. The government has met its burden of establishing that this constitutional *Booker* error was harmless beyond a reasonable doubt. The district court sentenced McKnight to the highest possible sentence within the applicable guidelines range. Furthermore, when McKnight pressed the court regarding why he was being sentenced at the high end, the district court plainly stated that "[t]he basis for my sentencing you at the high end is because I believe you belong there." Additionally, the court told McKnight "I say that Blakely doesn't apply to your case. And you are probably better off that it doesn't." This meets the government's burden of showing that the district court's error was harmless beyond a reasonable doubt. *See Paz*, 405 F.3d at 948; *see also United States v. Gallegos-Aguero*, 409 F.3d 1274, 1277 (11th Cir. 2005) (per curiam). In fact, it appears from the district court's comments that McKnight may have been given a longer sentence if the court thought that *Blakely* was applicable.

Even in the absence of constitutional *Booker* error, the district court commits statutory *Booker* error where it imposes a sentence under a mandatory guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005). Here,

the district court clearly committed statutory *Booker* error in sentencing McKnight under a mandatory guidelines scheme. We must determine, however, whether the error is harmless; i.e., whether McKnight would have received a lower sentence in the error's absence. *United States v. Mathenia*, 409 F.3d 1289, 1292 (11th Cir. 2005) (per curiam) (non-constitutional error was harmless when district court said it would impose the same sentence if the guidelines were advisory).

As discussed *supra*, the district court indicated that had the sentencing guidelines been advisory rather than mandatory, McKnight's sentence may have actually been longer. Considering the court's comments, the error did not affect the sentence. *See Mathenia*, 409 F.3d at 1292. Thus, "the use of the mandatory guideline scheme resulted in no actual prejudice to [McKnight]." *Gallegos-Aguero*, 409 F.3d at 1277.

Therefore, we AFFIRM.

**AFFIRMED.**