[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 31, 2011
JOHN LEY
CLERK

No. 10-14035
Non-Argument Calendar

_____

D.C. Docket No. 1:09-cr-20910-MGC-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERSON PAUL FERNANDEZ MERCHAN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 31, 2011)

Before EDMONDSON, HULL and BLACK, Circuit Judges.


PER CURIAM:

Gerson Merchan appeals his 21-month sentence imposed for making a false

statement on a United States passport application, 28 U.S.C. § 1542. No reversible error has been shown; we affirm.[1]

In 2002, Merchan, a native and citizen of Ecuador, used another person's identification to apply for and receive a United States passport. He then used this false passport to obtain a Florida driver's license in that other person's name. Merchan was arrested by Florida authorities in June 2008 and convicted on state charges of unauthorized use or possession of a fictitious driver's license. In June 2009, he was transferred into the custody of Immigration and Customs Enforcement ("ICE") for removal proceedings. A few months later, he was transferred into federal custody pursuant to a warrant in this case; and his removal proceedings were suspended.

On appeal, Merchan argues that the district court erred in calculating his criminal history score. First, we reject his argument that the court erred by including his false driver's license conviction because the record demonstrates that the court did not, in fact, include that conviction in computing his criminal history score. We also reject -- as foreclosed by this Court's precedent -- Merchan's argument that the court erred by scoring his 2005 and 2007 convictions, which

[1]Although Merchan was released from federal custody in April 2011, his appeal is not moot because he is still serving a term of five years' supervised release. See Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995).

2

occurred after he committed passport fraud in 2002.[2]  See United States v.

Laihben, 167 F.3d 1364, 1365-66 (11th Cir. 1999) (concluding that, in calculating

the defendant's guidelines range, it was proper for the district court to include a

conviction that occurred after the commission of, but before sentencing on, his

current offense).

Merchan also argues that his sentence substantively is unreasonable because

the court failed to consider properly or give him sufficient credit for the time he

served in ICE custody.[3]  We evaluate the substantive reasonableness of a sentence

under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct.

586, 597 (2007).  The party challenging the sentence bears the burden of

establishing that the sentence is unreasonable in the light of both the record and

the section 3553(a) factors.  United States v. Talley, 431 F.3d 784, 788 (11th Cir.

2005).  We will not reverse unless we are "left with the definite and firm

---

[2]Merchan concedes that this argument is contrary to this Court's decision in Laihben but preserves the argument because the circuit courts are split on this issue.

[3]Merchan also argues that the court should have credited him for the time he served in state custody, beginning in June 2008.  An alleged error, however, cannot serve as grounds for reversal if the appealing party "induces or invites the district court into making [the alleged] error."  United States v. Love, 449 F.3d 1154, 1157 (11th Cir. 2006).  Because Merchan expressly requested credit for time served beginning only in June 2009 -- when he was in ICE custody -- he is precluded from challenging the court's failure to credit him for time served before that date.  In any event, his argument fails because we conclude that his sentence is substantively reasonable.

conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008).

We conclude that Merchan failed to satisfy his burden of proof. His 21-month sentence is within the court's calculated advisory guideline sentence range of 15 to 21 months' imprisonment, and we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 787-88 (concluding that, although not per se reasonable, "ordinarily we would expect a sentence within the Guidelines range to be reasonable"). His sentence is also well below the ten-year statutory maximum sentence for his offense. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (concluding that the reasonableness of a sentence may also be indicated when the sentence imposed was well below the statutory maximum sentence). In addition, the record demonstrates that the court considered Merchan's argument and concluded that giving him credit for time served in ICE custody was inappropriate in the light of the 3553(a) factors. In doing so, the court discussed the nature and circumstances of the offense, Merchan's history and characteristics, and the need to reflect the seriousness of the offense, promote respect for the law, and deter similar conduct. See 18 U.S.C. § 3553(a)(1), (2)(A),

4

(B).  Based on this record, we are not convinced that the district court committed a clear error of judgment when it imposed Merchan's sentence.

AFFIRMED.