[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14628
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20273-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILL K. KAPRI,
a.k.a. Dieuson Octave,
a.k.a. Kodak Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 16, 2020)

Before JORDAN, JILL PRYOR, and LAGOA, Circuit Judges.

PER CURIAM:

Bill Kapri appeals his 46-month sentence for making false written statements in connection with the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6). He raises a single issue: whether a withheld adjudication following a *nolo contendere* plea constitutes a prior felony conviction for purposes of enhancing a base offense level under § 2K2.1 of the Sentencing Guidelines. In *United States v. Fernandez*, 234 F.3d 1345, 1347 (11th Cir. 2000), we held that it does. We therefore affirm.

After Mr. Kapri pled guilty to the charge under § 922(a)(6), the probation office prepared a presentence investigation report. The report applied a base offense level of 22 under § 2K2.1(a)(3) because (1) the offense involved semiautomatic firearms capable of accepting large capacity magazines, and (2) Mr. Kapri committed the offense after sustaining one felony conviction for a crime of violence. That felony conviction was for Florida robbery, to which Mr. Kapri pled *nolo contendere* and for which adjudication was withheld.

Mr. Kapri does not dispute that his federal offense involved semi-automatic firearms capable of accepting large capacity magazines; that the prior Florida robbery was a felony and a crime of violence; or that he pled *nolo contendere* to the robbery and that the Florida court withheld adjudication. He does not raise any issues of fact. Mr. Kapri's only argument on appeal is that the prior robbery does not satisfy § 2K2.1(a)(3) because it was not a "conviction" under Florida law.

2

Our decision in *Fernandez* governs this case and requires affirmance.  There we were faced with the exact same question: "whether a plea of *nolo contendere*, where adjudication has been withheld, qualifies as a conviction for purposes of U.S.S.G. § 2K2.1(a)(2)."  *Fernandez*, 234 F.3d at 1346.  We held that "[t]he answer [was] 'yes'."  *Id.*

Mr. Kapri relies on *United States v. Clarke*, 822 F.3d 1213, 1215 (11th Cir. 2016), a decision in which we vacated a felon-in-possession conviction under 18 U.S.C. § 922(g)(1).  The government had argued that the defendant was a convicted felon because he had pled guilty to possession of cocaine in Florida.  *See id.* at 1214.  Adjudication of the offense had been withheld, however, by the Florida court.  *See id.*  To determine whether that offense was still considered a "conviction" under § 922(g)(1), we had to adopt the definition under Florida's felon-in-possession statute, Fla. Stat. § 790.23.  *See id.* ((citing *United States v. Chubbuck*, 252 F.3d 1300, 1304 (11th Cir. 2001)).  We certified the question to the Florida Supreme Court, which answered that the offense did not constitute a conviction.  *See id.*

*Clarke* is inapposite.  There we recognized that § 922(g) incorporates state law.  *See* 18 U.S.C. § 921(a)(20) (providing that what constitutes a "conviction" for "a crime punishable by imprisonment for a term exceeding one year" under § 922(g) is "determined in accordance with the law of the jurisdiction in which the proceedings were held").  The Sentencing Guidelines, on the other hand, define

3

"conviction" for purposes of determining criminal history and base offense level under federal law. *See Fernandez*, 234 F.3d at 1346. *See also United States v. Mejias*, 47 F.3d 401, 403 (11th Cir. 1995) ("The meaning of the word 'conviction' in a federal statute is a question of federal law unless Congress provides otherwise.").

For example, in *United States v. Tamayo*, 80 F.3d 1514, 1523 (11th Cir. 1996), we held that what constitutes a conviction for purposes of criminal history under § 4A1.1 of the Guidelines is a matter of federal law, rather than state law. And if a conviction qualifies for criminal history points under § 4A1.1, it is considered a prior conviction for determining a base level offense under § 2K2.1(a)(3). *See* U.S.S.G. 2K2.1 cmt. n.10 ("For purposes of applying subsection [(a)(3)], use only those felony convictions that receive criminal history points under § 4A1.1(a), (b), or (c)."); U.S.S.G. § 4A1.2(f) ("[A] plea of *nolo contendere*[ ] in a judicial proceeding is counted as a sentence under § 4A1.1(c) even if a conviction is not formally entered."). *See also United States v. Laihben*, 167 F.3d 1364, 1366 (11th Cir. 1999).

We have reaffirmed this principle numerous times, including *United States v. Elliot*, 732 F.3d 1307, 1310–13 (11th Cir. 2013). There we held that an Alabama youthful offender adjudication qualified as a conviction for purposes of classifying the defendant as a career offender under § 4B1.1 even though it did not qualify as a conviction under Alabama law.

4

Mr. Kapri nonetheless argues that *Clarke* and our unpublished decision in *United States v. James*, 769 Fed. App'x 833 (11th Cir. 2019), "render or cause the decision in *United States v. Elliot*, 732 F.3d 1307 (11th Cir. 2013) to no longer be the applicable law." That argument fails on its face. "[W]hen circuit authority is in conflict, a panel should look to the line of authority containing the earliest case, because a decision of a prior panel cannot be overturned by a later panel." *Walker v. Mortham*, 158 F.3d 1177, 1188 (11th Cir. 1998). *See also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (explaining that under our prior precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc"). In any event, *Clarke* did not purport to apply beyond § 922(g), and for reasons already stated, it has no bearing on our interpretation or application of the Sentencing Guidelines.

The district court properly concluded that Mr. Kapri's Florida robbery, to which he pled *nolo contendere* and for which adjudication was withheld, was a conviction for purposes of enhancing his base offense level under § 2K2.1(a)(3).

**AFFIRMED.**

5