PER CURIAM:
 

 Defendant-appellant Robert Hoy was sentenced under the Federal Sentencing Guidelines to 78 months in custody for robbing the Security Pacific Bank in Portland, Oregon. After the robbery, but before he was sentenced on the robbery charge, Hoy committed two other offenses which resulted in state court sentences. The district court counted these state sentences as “prior sentences” in calculating Hoy’s criminal history under the guidelines.
 

 Hoy argues that the district court erred in counting the state sentences as “prior sentences” under the guidelines because the conduct for which the sentences were imposed occurred
 
 after
 
 the offense for which he is presently being sentenced. We reject Hoy’s argument, and conclude the state sentences were “prior sentences” that were properly included in Hoy’s criminal history under the guidelines.
 

 BACKGROUND
 

 On September 2, 1989, Robert Hoy robbed the Security Pacific Bank in Portland, Oregon. Hoy immediately fled to Idaho, where he falsely obtained merchandise and lodging. Hoy then returned to Oregon. On September 15, 1989, he was arrested and found with a stolen vehicle. On October 23, 1989, Hoy was convicted in Oregon state court of attempted unauthorized use of a motor vehicle and sentenced to thirty days in jail. On the same date, Hoy was extradited to Idaho to face charges of grand theft of use of property. Hoy pled guilty to two counts of grand theft on the Idaho charges. On January 15, 1990, the Idaho state court sentenced Hoy to three years in prison.
 

 On January 24, 1990, the federal grand jury for the District of Oregon returned a one-count indictment charging Hoy and his brother, Christopher Marion Hoy, with armed bank robbery in connection with the Portland Security Pacific Bank holdup.
 
 [1]
 
 On May 7, 1990, Hoy pled guilty to the bank robbery charge. On July 9, 1990, the United States District Court for the District of Oregon sentenced Hoy pursuant to the guidelines to 78 months in custody and five years supervised release. The district court ordered that the sentence be served concurrently with the Idaho grand theft sentence.
 

 In calculating Hoy’s criminal history under the guidelines, the district court counted the Idaho grand theft and the Oregon stolen vehicle convictions as “prior sentences.”
 
 [2]
 
 Hoy argues that the district court erred in counting the state convictions as “prior sentences” because the sentences — as well as the conduct for which they were imposed — occurred
 
 after
 
 the Portland bank robbery. Hoy maintains that including the sentences in his criminal history contravenes the guidelines by promoting disparity in sentencing.
 
 [3]
 
 We reject Hoy’s contentions and affirm the sentence.
 

 DISCUSSION
 

 We review de novo a district court’s determination that a prior conviction falls within the scope of the guidelines.
 
 United States v. Gross,
 
 897 F.2d 414, 416 (9th Cir.1990).
 

 Guidelines § 4A1.1 instructs a sentencing court to add three points to a defendant’s criminal history total for each prior sentence of imprisonment exceeding one year and one month, and to add one point for each prior sentence not counted under other provisions of the section. U.S.S.G. § 4Al.l(a) & (c). The guidelines direct a court to count (1) “[a]ny prior sentence of imprisonment exceeding one year and one
 
 *1341
 
 month that was imposed within fifteen years of the defendant's commencement of the instant offense," and (2) "{a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense." U.S.S.G. § 4A1.2(e). Section 4A1.2(a)(1) defines "prior sentence" as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nob con tendere, for conduct not part of the instant offense." United States v. Mackbee, 894 F.2d 1057, 1058 (9th Cir.1990), cert. denied, - U.S. 110 S.Ct. 2574, 109 L.Ed.2d 755 (1990).
 

 Under the plain language of the guidelines, Roy's sentences for the idaho theft and the Oregon stolen car were properly included in calculating his sentence on the bank robbery charge. Both sentences were imposed before Roy's July 9, 1990 sentencing on the bank robbery charge, and within the time periods specified by the guideline. Both sentences thus fall squarely within the definition of "prior sentence" as defined by the relevant provisions of § 4A1.2.
 

 The commentary to § 4A1.2 supports our conclusion. It provides:
 

 "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense. See § 4A1.2(a). A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a pri- or sentence if it was for conduct other than conduct that was part of the instant offense.
 

 U.S.S.G. § 4A1.2, application note 1 (emphasis added). As the commentary makes clear, the Sentencing Commission plainly intended for sentences imposed at any time prior to sentencing for the instant offense-even sentences imposed after the instant offense was committed-to be included in a defendant's criminal history.
 

 by argues that counting sentences imposed for illegal conduct occurring after the instant offense promotes disparity in sentencing because the defendant will have a higher criminal history point total than would another defendant who committed the same illegal conduct, but had not yet been sentenced for it. This court has ruled, however, that a disparity in sentencing among co-defendants is not, by itself, a sufficient ground for attacking an otherwise proper sentence under the guidelines. See United States v. Carpenter, 914 F.2d 1131, 1135-36 (9th Cir.1990). It follows that the mere hypothetical possibility that two defendants who commit the same criminal acts might receive different sentences because they are sentenced at different times does not require us to ignore the clear language of the guidelines in this ease.
 

 Finally, we note that two other circuits faced with the same issue now before us reached the same conclusion we do. See United States v. Walker, 912 F.2d 1365 (11th Cir.1990) (state sentences previously imposed for bank robberies committed by defendant after the robberies for which he was prosecuted in federal court were "prior sentences" for purposes of determining defendant's criminal history category under the guidelines), cert. denied, - U.S. -, 111 S.Ct. 1004, 112 L.Ed.2d 1087 (1991); United States v. Smith, 900 F.2d 1442 (10th Cir.1990) (state sentences imposed after defendant's kidnapping offense but before sentencing on kidnapping charge were "prior sentences").
 

 CONCLUSION
 

 Because the district court correctly included the state convictions in calculating Hoy's criminal history, and because the 78-month sentence is within the appropriate guideline range, the district court's sentence is
 

 AFFIRMED.
 

 [1]
 

 . Christopher Hoy’s case, which is pending before the district court, is not part of this appeal.
 

 [2]
 

 . The two sentences added four points to Hoy’s criminal history, and raised the guidelines sentencing range from 51 to 63 months to 70 to 87 months.
 

 [3]
 

 .Hoy also argues that the Bureau of Prisons did not properly credit him for time served in custody. Because Hoy fails to point to anything in the record to support his claim, we decline to address it.