**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Douglas Henry CARSON,**
**Defendant–Appellant.**

**No. 92–50237.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1993.

Decided March 12, 1993.

Leon L. Peterson, Deputy Federal Public Defender, Santa Ana, CA, for defendant-appellant.

Rebecca S. Dewees, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BEEZER, BRUNETTI and THOMPSON, Circuit Judges.

PER CURIAM:

Douglas Henry Carson pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a) (1988), and now challenges the calculation of his criminal history score and the constitutionality of his sentence under the United States Sentencing Guidelines ("U.S.S.G."). Specifically, Carson alleges sections 4A1.1 and 4A1.2 of the guidelines violate the *Ex Post Facto* Clause, equal protection, and due process. These guideline sections provide that sentences imposed prior in time to sentencing for the instant offense be included in the defendant's criminal history, even if such sentences were imposed for illegal conduct occurring after the instant offense was committed. The district court had jurisdiction under 18 U.S.C. § 3231 (1988). Notice of appeal was timely filed. Fed.R.App.P.

4(b). We have jurisdiction under 28 U.S.C. § 1291 (1988). We affirm.

1. Calculation of Criminal History Score

Application of the Sentencing Guidelines is reviewed de novo. *United States v. Kohl*, 972 F.2d 294, 297 (9th Cir. 1992). A district court's determination that a prior sentence falls within the scope of the guidelines is also reviewed de novo. *United States v. Hoy*, 932 F.2d 1343, 1344 (9th Cir.1991) (per curiam).

Carson argues that the district court erred in its application of U.S.S.G. §§ 4A1.1 and 4A1.2 by adding three points to his criminal history score for a state sentence imposed prior to the instant sentence, but based on conduct that occurred after the instant offense.

In *Hoy*, we rejected a similar argument. *Hoy*, 932 F.2d at 1345. There, we held that the district court did not err in counting state convictions as "prior sentences" for purposes of calculating the defendant's instant sentence, even though the state sentences, as well as the conduct for which they were imposed, occurred after the instant offense. *Id.* at 1344–45; *see also* U.S.S.G. §§ 4A1.1(a), 4A1.2(e), 4A1.2(a)(1), and 4A1.2, application note 1 ("[a] sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence...."). Following *Hoy*, we conclude that the district court properly treated Carson's state sentence as a "prior sentence" under the guidelines in determining his criminal history score.

2. *Ex Post Facto* Clause

Whether sections 4A1.1 and 4A1.2 violate Article I's prohibition of *ex post facto* laws is a constitutional question reviewable de novo. *United States v. Mondello*, 927 F.2d 1463, 1467 (9th Cir.1991); *United States v. Brady*, 895 F.2d 538, 539 (9th Cir.1990); U.S. Const. art. I, § 9, cl. 3; art. I § 10, cl. 1.

"[T]wo critical elements must be present for a criminal or penal law to be *ex*

*post facto:* it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Weaver v. Graham,* 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981) (footnotes omitted); *see also Watson v. Estelle,* 886 F.2d 1093, 1094 (9th Cir.1989). In this case, sections 4A1.1 and 4A1.2 are not retrospective laws because these provisions were not enacted after the commission of Carson's crime. Therefore, the challenged provisions do not violate the Constitution's prohibition of *ex post facto* laws.

### 3. Due Process and Equal Protection

The constitutionality of the guidelines is reviewed de novo. *United States v. Litteral,* 910 F.2d 547, 551 (9th Cir.1990).

Carson contends guideline sections 4A1.1 and 4A1.2 violate the Fifth Amendment's guarantee of due process by instructing the district court to sentence him on the basis of his culpability at the time of sentencing, rather than his culpability at the time of the commission of the crime. Carson also contends sections 4A1.1 and 4A1.2 violate his right to equal protection by treating similarly situated prisoners being sentenced for federal offenses that occurred before the commission and conviction of a state offense differently depending on whether the state sentencing occurred before or after the federal sentencing. In the sentencing context, "an argument based on equal protection essentially duplicates an argument based on due process." *Chapman v. United States,* —— U.S. ——, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524 (1991); *see also United States v. Fine,* 975 F.2d 596, 604 (9th Cir.1992) (en banc).

■ To be successful in his constitutional challenges, Carson must show that sections 4A1.1 and 4A1.2 are not rationally related to a legitimate government interest. *Chapman,* 111 S.Ct. at 1927 (using rational basis test to evaluate sentencing guideline provision). There is no question that these guideline provisions pass the rational basis test. Sections 4A1.1 and 4A1.2 are rationally related to the government's legitimate interests in proportional punishment for re-

peat offenders, general deterrence of repeated criminal behavior, protection of the public from further crimes of the particular repeat offender, and conservation of resources where the likelihood of successful rehabilitation is limited. *See* U.S.S.G. Ch. 4, Pt. A, intro. comment. We reject Carson's constitutional challenges.

AFFIRMED.