21 F.3d 433
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES OF AMERICA, Appellee,
v.
Michael Shain ADAIR, Appellant.
 No. 93-3526.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 30, 1994.
Filed: April 6, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael Shain Adair appeals the sentence imposed on him by the district court[1] after he pleaded guilty to drug and money-laundering offenses. We affirm.
 
 
 2
 Adair pleaded guilty to conspiring to distribute cocaine and to possess it with intent to distribute, and he also pleaded guilty to money laundering, in violation of 21 U.S.C. Secs. 846, 841(b)(1)(A), and 18 U.S.C. Secs. 2, 1956(a)(1)(b)(i). The district court calculated a total offense level of 36 and a criminal history category of III, which produced a Guidelines sentencing range of 235 to 293 months. The court sentenced Adair to a total of 293 months imprisonment and five years supervised release, and imposed a $2400 fine. This appeal followed.
 
 
 3
 Adair argues that the court erred in adding four points to his base offense level under U.S.S.G. Sec. 3B1.1(a) for being an organizer or leader of a criminal activity involving five or more participants. We accept a district court's finding that the defendant was an organizer or leader for purposes of section 3B1.1(a) unless it is clearly erroneous. United States v. Yerks, 918 F.2d 1371, 1375 (8th Cir. 1990). At sentencing, codefendant Evette Riley testified that she and at least three others carried drugs from California to St. Louis at Adair's request; Adair arranged to get another codefendant a passport to enter the United States; Adair asked Riley to receive drug proceeds that had been wired to California; others whom Adair or another codefendant had contacted also received wired money; and Adair made decisions about the wire transfers and arranged for bank accounts. Based on this testimony, which the district court explicitly credited at sentencing, see United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993), we conclude that the court did not clearly err in imposing the four-level increase for Adair's role in the offense. See U.S.S.G. Sec. 3B1.1, comment. (n.4).
 
 
 4
 Adair also argues that the district court erred in assessing two criminal history points for a prior offense. The record shows that, in September 1987, Adair was arrested in California for selling a controlled substance. He pleaded guilty in January 1990, and was placed on three years probation with the first 180 days to be served in jail; however, he was not ordered to serve the jail time until May 1992. In October 1992, his probation was revoked, and he was sentenced to five years imprisonment-a sentence he was serving when he was sentenced by the district court here. The presentence investigation report assessed three criminal history points under U.S.S.G. Sec. 4A1.1(a) (three points for each prior sentence of imprisonment exceeding thirteen months).
 
 
 5
 Adair argued at sentencing that his participation in the instant conspiracy ended in February 1992-months before he received the five-year sentence-and he thus was not under a sentence of imprisonment of one year and one month at the time he engaged in the conspiracy. Noting that Adair nonetheless was on probation with a condition requiring six months of jail time when he engaged in the instant offense, the court assessed two points for the prior offense under U.S.S.G. Sec. 4A1.1(b) (two points for each prior sentence of imprisonment of at least sixty days not counted in Sec. 4A1.1(a)).
 
 
 6
 Adair argues that the court should have assessed only one point under U.S.S.G. Sec. 4A1.1(c) (one point for prior sentence not counted in Sec. 4A1.1(a) or (b)). We disagree. See U.S.S.G. Sec. 4A1.2, comment. (n.1) (sentence imposed after defendant's commencement of instant offense, but prior to sentencing on instant offense, is prior sentence if it was for conduct other than conduct that was part of instant offense); see also United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir. 1991) (per curiam) ("Sentencing Commission plainly intended for sentences imposed at any time prior to sentencing for the instant offense-even sentences imposed after the instant offense was committed-to be included in a defendant's criminal history").
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE CAROL E. JACKSON, United States District Judge for the Eastern District of Missouri