UNITED STATES of America ex rel.
Douglas F. HUNTER, Petitioner,

v.

Richard B. GRAMLEY, Respondent.

No. 93 C 5149.

United States District Court,
N.D. Illinois,
Eastern Division.

July 18, 1994.

Douglas F. Hunter, pro se.

Terence Madsen, Illinois Atty. General's
Office, Chicago, IL, for defendant.

*MEMORANDUM OPINION
AND ORDER*

ASPEN, District Judge:

Presently before the court is Douglas
Hunter's petition for a writ of habeas corpus
pursuant to 28 U.S.C. § 2254. In his peti-
tion, Hunter asserts that the extended sen-
tence he received was imposed in violation of
the United States Constitution's prohibition
against ex post facto laws and the Four-
teenth Amendment's due process guarantee.
In addition, he maintains that he should have
received a new sentencing hearing in light of
several errors that occurred during his origi-
nal sentencing. For the reasons set forth
below, we deny Hunter's petition.

**I. Background**

On November 4, 1980, petitioner Douglas
Hunter abducted a woman in Chicago and
drove her to a secluded area where he raped
her. Some months later, on May 26, 1981,
Hunter again accosted a woman, but was
thwarted in his efforts by neighbors, who
captured Hunter and released his victim.
Hunter was subsequently indicted for both

crimes. On November 9, 1981, Hunter pleaded guilty to rape, deviate sexual assault, aggravated kidnapping, unlawful restraint, and two counts of armed violence with respect to the first offense, and to aggravated kidnapping, unlawful restraint, and armed violence with respect to the latter offense. At the sentencing hearing, the sentencing judge concluded that Hunter was eligible to receive an extended term sentence under Ill.Rev.Stat.1979, ch. 1979, ch. 38, par. 1005–5–3.2(b)(1), and sentenced him accordingly.[1] That section allows the sentencing court to impose an extended term sentence

> [w]hen a defendant is convicted of any felony, after having been previously convicted in Illinois of the same or greater class felony, within 10 years ... and such charges are separately brought and tried and arise out of different series of acts.

Ill.Rev.Stat.1979, ch. 38, par. 1005–5–3.2(b)(1). In Hunter's case, the judge imposed an extended sentence on the abduction-related convictions based upon Hunter's earlier unrelated June 19, 1981 conviction for armed robbery.[2]

---

**1.** The judge sentenced Hunter to concurrent extended terms of forty years for rape, forty years for deviate sexual assault, thirty years for armed violence and twenty years for aggravated kidnapping on the November 4, 1980 attack, and a concurrent extended term of thirty-one years for aggravated kidnapping on the May 26, 1981 attack.

**2.** Indeed, the dates involved are even slightly more confusing than set forth above. Hunter committed the armed robbery on January 2, 1981, pled guilty to that offense on May 13, 1981, and was sentenced, and a judgment of conviction was thus entered, on June 19, 1981. Thus, the actual series of events is as follows: committed first abduction, committed armed robbery, pled guilty to armed robbery, committed second abduction, sentenced/convicted of armed robbery, sentenced/convicted of both abductions. Notwithstanding this convoluted chronology of crimes and convictions, Hunter's basic claim remains that imposing an extended term sentence based upon the commission and conviction of a crime occurring after commission of the crime for which the sentence is imposed is unconstitutional.

**3.** We note that in both his state court appeal and the present habeas petition, Hunter objected to the use of a crime which was *committed* after the crime for which the sentence is being imposed as

Hunter subsequently filed for post-conviction relief, maintaining that the trial court erred in imposing an extended term sentence based upon the "previous" armed robbery conviction, since he committed and was convicted on the armed robbery charge *after* he committed at least the first abduction (but before he was convicted on that charge).[3] The court dismissed Hunter's petition, and he appealed. The Illinois Appellate Court affirmed, noting that two prior Illinois cases had construed the statute to allow imposition of extended term sentences without regard to the sequence of the commission of the offenses. *People v. Hunter*, No. 1–89–2583, slip op. at 3 (Ill.App.Ct.) (date unavailable).[4] Hunter then filed the present habeas petition.

## II. Discussion

Hunter has offered six putatively separate grounds in support of his habeas petition. In Grounds One and Three, he claims that imposition of the extended term sentence violated his right to due process. In Ground Two, he asserts that the sentence was "excessive" in light of legislative statements and clarifica-

---

the basis for an extended sentence. As a result, it appears that he is not challenging the use of the armed robbery conviction to justify an extended sentence for the second abduction, since he committed the armed robbery before he committed the second abduction. In any event, the distinction is irrelevant, since if we determine that use of the armed robbery conviction to enhance the sentence for the first abduction does not violate constitutional principles, then it must follow that use of the conviction to enhance the sentence for the latter abduction is likewise permissible.

**4.** The Illinois Appellate Court did, however, correct other errors in the sentence. Specifically, it concluded that the sentence imposed for armed violence was improper since the judge also sentenced Hunter for the underlying felony of rape. In addition, the court concluded the sentencing judge erroneously imposed an extended term sentence for the aggravated kidnapping charge arising out of the November 4, 1980 abduction, since extended term sentences may only be imposed for offenses within the most serious class of offenses of which a defendant is convicted. Finally, the court noted that the maximum extended term sentence for the aggravated kidnapping charge arising out of the May 26, 1981 abduction was thirty years, and thus reduced the sentence imposed by one year. *Hunter*, slip op. at 3–4.

tions. In Ground Four, he maintains that his due process rights were violated because the sentencing court failed to exclude his time in custody in calculating the amount of time that had elapsed following his armed robbery conviction. In Ground Five, he claims that due process demands that he receive a new sentencing hearing in light of the errors in sentencing found on appeal (*see supra* n. 4). Finally, in Ground Six he asserts that imposition of the extended term sentence in his case violates the ex post facto clause of the United States Constitution. We conclude that these claims are either not properly before us or lack merit.

■■■ Under 28 U.S.C. § 2254, a habeas petitioner is required to exhaust all available state remedies before his petition will be considered by a federal court. *Verdin v. O'Leary,* 972 F.2d 1467, 1472 (7th Cir.1992). One precondition to exhaustion is that the petitioner "fairly present" to the state court the federal issue he plans to raise in his habeas petition. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The Seventh Circuit has adopted the following test to determine whether a petitioner has satisfied the requirement enunciated in *Picard:*

> If the petitioner's argument to the state court did not: (1) rely on pertinent federal cases employing constitutional analysis; (2) rely on state cases applying constitutional analysis to a similar factual situation; (3) assert the claim in terms so particular as to call to mind a specific constitutional right; or (4) allege a pattern of facts that is well within the mainstream of constitutional litigation, then the court will not consider the state courts to have had a fair opportunity to consider the claim.

*Verdin,* 972 F.2d at 1473–74 (citations and quotations omitted).[5] In the present case, Hunter's court appointed appellate attorney submitted a thirty page brief which focused almost exclusively on Illinois law; indeed, the basic argument proffered was that the sentencing court erred in its interpretation of the "extended term" statute. The only reference to or analysis of federal law whatsoever came in a single paragraph following the statutory interpretation argument:

> Besides being improper under [prior Illinois case law interpreting a similar statute], the extended term sentencing was improper from other perspectives as well. First, as a matter of due process, it has been held that criminal statutes must give fair warning of the conduct prescribed as "the first essential of due process," and a statute may not be applied retroactively to a defendant. *United States ex rel Reed v. Lane,* 759 F.2d 618 (7th Cir.1985). The *Reed* court found it improper for the trial court to apply a statue which came into effect after the murder in question, denying the compulsion defense to defendants in capital cases. So, too, here, when Mr. Hunter committed the crime at issue here, he was not fairly apprised that in committing that crime, he would be eligible for an extended term, since it was only later that he committed the crime which qualified him for the extended term. Thus under a due process analysis, the extended term was improper.

There is no other reference to federal case law and no further discussion of constitutional principles in the brief.

■■■ It is apparent from the above paragraph that some of the claims set forth by Hunter, to the extent we can distinguish between them, were not "fairly presented" to the state court under the principles enunciated in *Verdin.* Specifically, Grounds Two (legislative "clarifications"), Four (exclusion of time in custody), and Five (resentencing due to errors) were never presented in connection with a federal constitutional claim.[6]

---

**5.** We note that there is some debate as to whether the "fairly presented" requirement is more appropriately considered in the context of exhaustion of state remedies or of procedural default. *See Verdin,* 972 F.2d at 1472–73. Of course, as a substantive matter the distinction is irrelevant, since failure to "fairly present" the federal issue will result in a waiver of the claim in a subsequent habeas petition in either event. *Id.*

**6.** Although Hunter's counsel did raise Ground Two in the section of the brief relating to the "extended term" statute, he did so entirely independently of the limited federal case analysis quoted above. Instead, it was discussed as fur-

Accordingly, we conclude that these claims are not properly before us.

With respect to the remainder of the claims it is a much closer call. We initially observe that a characterization of *Reed* as *"pertinent"* case law is questionable at best. As Hunter's counsel recognized, *Reed* concerned a case in which the statute (or more accurately, the relevant interpretation of the statute) "came into effect after the murder in question," thus making its application to the defendant inappropriate. Here, the statute was both enacted and interpreted in the manner to which Hunter objects long before Hunter committed his first abduction. *See People v. Hamilton*, 81 Ill.App.3d 297, 36 Ill.Dec. 637, 641, 401 N.E.2d 318, 322 (1980).[7] Accordingly, any attempted analogy to *Reed* is marginal. In addition, the state court did not discuss or even acknowledge the brief due process discussion, or itself cite any federal law, causing us to question the effectiveness with which any federal claim was presented. Finally, we observe that Hunter did not expressly raise an ex post facto clause claim in the state courts. However, because his *Reed*-related argument could be construed as asserting an ex post facto clause violation, in addition to a due process claim, we shall consider both on the merits.

■ In *United States v. Carson*, 988 F.2d 80 (9th Cir.), *cert. denied*, —— U.S. ——, 114 S.Ct. 142, 126 L.Ed.2d 105 (1993), the Ninth Circuit considered an argument virtually identical to that raised by Hunter in the context of the United States Sentencing Guidelines. In *Carson*, the defendant objected to the "criminal history" provisions of the guidelines, which provide that

sentences imposed prior in time to sentencing for the instant offense be included in the defendant's criminal history, even if such sentences were imposed for illegal conduct occurring after the instant offense was committed.

*Id.* at 81. Specifically, the defendant argued that these provisions violated the prohibition against ex post facto laws and his right to due process.[8] The court rejected both claims. With respect to the ex post facto argument, the court noted that one element of an ex post facto law is that it operates retrospectively, "that is, it must apply to events occurring before its enactment." *Id.* at 82 (quoting *Weaver v. Graham*, 450 U.S. 24, 29, 101 S.Ct. 960, 964, 67 L.Ed.2d 17 (1981)). It concluded that this requirement was not met, since the relevant guidelines provisions were enacted prior to the commission of the defendant's crime. *Id.* As discussed above, the same is true here with respect to both the "extended term" statute and the "plain meaning" interpretation employed by the sentencing court. Accordingly, we conclude that Hunter can not successfully claim a violation of the ex post facto clause.

■ The *Carson* court also rejected the defendant's due process claim. The court noted that the sentencing scheme was clearly related to several legitimate government interests, including "proportional punishment for repeat offenders, general deterrence of repeated criminal behavior, protection of the public from further crimes of the particular repeat offender, and conservation of resources where the likelihood of successful rehabilitation is limited." *Id.* The same is

---

ther support for the argument that principles of statutory interpretation demanded an outcome different than that which had occurred. Accordingly, Hunter provided the court no indication that the "legislative clarification" claim had any federal constitutional underpinnings. In addition, Hunter's counsel raised Ground Five (sentencing errors) on appeal. However, it was discussed in a different section than the "extended term" statute discussion, and, as noted above, included no constitutional analysis or "pattern of facts that is well within the mainstream of constitutional mainstream." *Verdin*, 972 F.2d at 1474.

language of the statue itself, thus making retroactive application impermissible. *See Reed*, 759 F.2d at 622 (retroactive application unconstitutional where "a statute precise on its face has been unforeseeably and retroactively expanded by judicial construction") (quoting *Bouie v. City of Columbia*, 378 U.S. 347, 352, 84 S.Ct. 1697, 1701, 12 L.Ed.2d 894 (1964)). In the present case, however, the state court's interpretation of the "extended term" statute was entirely consistent with the plain language of the statute. This distinction further throws into doubt the applicability of *Reed* in this case.

7. In addition, the interpretation of the statute at issue in *Reed* was far more expansive than the

8. The defendant in *Carson* also raised an equal protection argument.

true here. Regardless of the order in which he committed his crimes, Hunter has repeatedly demonstrated a proclivity to commit serious and violent offenses. The Illinois General Assembly clearly has an interest in providing for an appropriate sentence for just such an offender, and we cannot conclude that the manner in which they did so violates constitutional principles. And when he committed the armed robbery, Hunter was, at least in theory, aware that a conviction on that offense could result in an extended sentence on the pending abduction-related prosecutions. In short, Hunter has simply failed to demonstrate a due process violation, or any other constitutional wrong. Accordingly, he is not entitled to habeas relief.

### III. Conclusion

For the reasons set forth above, we deny Douglas F. Hunter's petition for a writ of habeas corpus. It is so ordered.