_____

No. 95-4083
_____

United States of America,      *
                              *
        Appellee,        *
                              *  Appeal from the United States
    v.                   *  District Court for the
                              *  District of Nebraska.
Adrian W. Davis,          *     [UNPUBLISHED]
                              *
        Appellant.      *

_____

Submitted:  March 28, 1996

Filed:  April 4, 1996

_____

Before McMILLIAN, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.

Adrian W. Davis pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Overruling Davis's objections to being classified as a career offender under U.S.S.G. § 4B1.1(C), the district court[1] sentenced him to 151 months imprisonment and three years supervised release.  Davis appeals, and we affirm.

A defendant has two prior felony convictions for purposes of career-offender classification under section 4B1.1 if the sentences for the two prior convictions were imposed in "unrelated cases."  U.S.S.G. 4A1.2(a)(2). "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (_i.e._, the defendant is arrested for the first offense prior to committing the second offense)."  U.S.S.G. § 4A1.2, comment.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

n.3.  The government produced exhibits showing Davis committed a drug offense in 1988 while he was on bail after being arrested for a drug offense in 1986.  The district court thus correctly found that those offenses qualified Davis as a career offender, regardless of whether they were consolidated for sentencing.  See United States v. Aguilera, 48 F.3d 327, 330 (8th Cir.), cert. denied, 116 S. Ct. 117 (1995).

Davis's contention that the commentary to section 4A1.2 should not be applied to offenses committed before its November 1991 effective date is meritless.  We agree with the district court that there is no ex post facto problem here, because the provisions in section 4A1.2 were enacted before Davis committed the instant offense.  Cf. United States v. Allen, 886 F.2d 143, 146 (8th Cir. 1989) (so long as actual crime for which defendant is being sentenced occurred after effective date of new statute, there is no ex post facto violation); United States v. Carson, 988 F.2d 80, 81-82 (9th Cir.) (per curiam) (no ex post facto claim where challenged sentencing provisions, §§ 4A1.1 and 4A1.2, were not enacted after commission of defendant's present crime), cert. denied, 114 S. Ct. 142 (1993).

Davis also argues that a criminal history category VI overrepresented the seriousness of his past criminal conduct, and that the district court therefore erred in refusing to depart downward at sentencing under U.S.S.G.§ 4A1.3.  Because the record shows the district court was clearly aware of its authority to depart from the Guidelines range of 151 to 188 months, its discretionary decision not to do so is unreviewable.  See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.