85 F.3d 638
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard Aurelio PINA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
David LUNA, Defendant-Appellant.
 Nos. 95-10148, 95-10149.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1996.*
Decided May 7, 1996.
 
 1
 Before: CANBY and KLEINFELD, Circuit Judges, and COLLINS, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Appellants Richard Aurelio Pina and David Luna, as well as a co-defendant who has not appealed, were indicted for armed bank robbery in the Eastern District of California.[1] A jury returned a verdict of guilty as to each of the defendants. This Court remanded the action for a new trial after finding that the district court improperly admitted evidence of other bank robberies that the appellants had committed in the District of Oregon subsequent to the actions for which they were charged in the Eastern District of California.
 
 
 4
 One day before the second trial was scheduled to begin, appellant Pina briefly escaped from the Fresno County Jail. At trial, the district court overruled defense counsel's objection and allowed the government to offer evidence of appellant Pina's escape. The district court also denied appellant Luna's motion for severance. Both of the appellants were once again found guilty.
 
 
 5
 At sentencing after the second trial, the district court allowed the use of the sentence imposed for the Oregon bank robbery in the calculation of appellant Luna's criminal history score, even though the original sentence imposed for the California bank robbery had been used to calculate the sentence imposed by the District of Oregon. Moreover, in stating the reasons supporting imposition of a sentence for appellant Luna at the high end of the guidelines range, the district court appeared to refer to witnesses regarding a bank robbery with which appellant Luna had not been charged.
 
 
 6
 Appellants seek review of the following issues:
 
 
 7
 (1) Whether the district court erred in admitting evidence of appellant Pina's escape from custody one day before his retrial in this case?
 
 
 8
 (2) Whether the district court erred in denying appellant Luna's motion for severance?
 
 
 9
 (3) Whether the district court erred in increasing appellant Luna's sentence on the basis of the Oregon conviction? and
 
 
 10
 (4) Whether the district court stated sufficient reasons in support of appellant Luna's sentence?
 
 
 11
 We affirm.
 
 I. Evidence of Pina's Escape
 
 12
 We review the district court's evidentiary ruling for an abuse of discretion. United States v. Manning, 56 F.3d 1188, 1196 (9th Cir.1995); United States v. Baylock, 20 F.3d 1458, 1462 (9th Cir.1994).
 
 
 13
 Pina argues that the district court erred in admitting evidence of his pre-trial escape because, on the instant facts, no inference can be drawn that the escape shows appellant's consciousness of guilt. We disagree. The timing of Pina's flight reasonably leads to an inference of guilt concerning the crime charged. See United States v. Felix-Gutierrez, 940 F.2d 1200, 1207 (9th Cir.1991), cert. denied, --- U.S. ----, 113 S.Ct. 2332 (1993). Evidence of the escape was therefore admissible. Id. Accordingly, we affirm the district court's order allowing evidence of Pina's escape from custody.
 
 II. Luna's Motion for Severance
 
 14
 We review the district court's decision denying Luna's motion for severance for an abuse of discretion. United States v. Ponce, 51 F.3d 820, 831 (9th Cir.1995); United States v. Baker, 10 F.3d 1374, 1386 (9th Cir.1993), cert. denied, --- U.S. ----, 115 S.Ct. 330 (1994); United States v. Cuozzo, 962 F.2d 945, 949 (9th Cir.), cert. denied, 506 U.S. 978, 113 S.Ct. 475 (1992).
 
 
 15
 Luna has not met his burden of proving such "clear, manifest or undue prejudice from the joint trial that [it] violates one of his substantive rights, so that the prejudice is of such magnitude that the defendant was denied a fair trial." United States v. Vasquez-Velasco, 15 F.3d 833, 845-46 (9th Cir.1994) (internal quotations omitted). The evidence against each defendant in the instant case was easily compartmentalized. Moreover, at the close of trial, the district court instructed the jury to give separate consideration to each defendant. Therefore, we affirm the district court's order denying Luna's motion for severance.
 
 
 16
 III. Calculation of Luna's Criminal History Score
 
 
 17
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Basinger, 60 F.3d 1400, 1409 (9th Cir.1995); United States v. Oliver, 60 F.3d 547 (9th Cir.1995); United States v. France, 57 F.3d 865, 866 (9th Cir.1995); United States v. Buenrostro-Torres, 24 F.3d 1173, 1174 (9th Cir.1994); United States v. Demers, 13 F.3d 1381, 1382 (9th Cir.1994). We also review de novo a district court's determination that a prior sentence falls within the scope of the guidelines. United States v. Carson, 988 F.2d 80, 81 (9th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 142 (1993) (citing United States v. Hoy, 932 F.2d 1343, 1344 (9th Cir.1991)).
 
 
 18
 Luna argues that it was error to include an Oregon conviction in the calculation of his criminal history score because the original sentence imposed for the California bank robbery had been used to enhance the sentence imposed by the District of Oregon. We find that the district court did not err in using the Oregon conviction to enhance Luna's sentence because the conduct that gave rise to the Oregon conviction occurred before the sentencing in this case. See United States v. Klump, 57 F.3d 801, 803 (9th Cir.1995) (although a resentencing court may not consider post-sentencing conduct, there is no prohibition against considering a post-sentencing sentence for purposes of calculating the length of the sentence). Luna has not shown that his sentence now under review was made longer by the fact that the Oregon sentence was enhanced by his reversed conviction.[2] Accordingly, we affirm the district court's calculation of Luna's criminal history score.
 
 
 19
 IV. The District Court's Statement of Reasons
 
 
 20
 We review de novo the sufficiency of the district court's stated reasons for sentencing a defendant to a particular point within a guideline range of more than 24 months. United States v. Duran, 37 F.3d 557, 560 (9th Cir.1994).
 
 
 21
 Luna contends that the district court's statement of reasons for imposing a sentence at the high end of the guideline range is inadequate because it appears that the statement referred to a crime with which Luna was not charged. The district court's comments, however, can be interpreted as stating that the crime Luna committed was of a type that generally had a great potential for traumatizing victims. Moreover, if one excises the reference apparently not relating to the robbery with which Luna was charged, the district court's statement of reasons in support of Luna's sentence still satisfies 18 U.S.C. § 3553(c). See Duran, 37 F.3d at 560. Accordingly, we affirm the district court's statement of reasons for imposing Luna's particular sentence.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Audrey B. Collins, United States District Judge for the Central District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Appellant Pina and co-defendant Torres were both indicted on two counts of armed bank robbery. Appellant Luna was indicted on only one count of armed bank robbery
 
 
 [2]
 Luna's remedy, if any, consists of a collateral attack on the District of Oregon's use of the subsequently vacated California sentence to enhance his sentence for the Oregon conviction