116 F.3d 1487
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donovan Dwayne OLIVER; Darryl Lee McMILLAN; Nathaniel
JONES, Defendant-Appellants.
 Nos. 96-10176, 96-10177, 96-10179.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997**
Decided June 27, 1997.
 
 Appeal from the United States District Court for the Eastern District of California; No. CR-92-05264-REC; Robert E. Coyle, District Judge, Presiding
 Before: HUG, Chief Judge, CANBY and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Donovan Oliver, Darryl McMillan, and Nathaniel Jones appeal their sentences imposed on resentencing following their convictions for carjacking in violation of 18 U.S.C. § 2119 and for use of a firearm in violation of 18 U.S.C. § 924(c). In a prior appeal, we affirmed defendants' convictions but remanded for resentencing. We now affirm their sentences.
 
 
 3
 The district court was not required to identify an independent basis for its departures when it resentenced defendants to the maximum sentence allowed--300 months. Both our earlier opinion in this case, United States v. Oliver, 60 F.3d 547, 556 (9th Cir.1995), and U.S.S.G. § 2K2.4 itself, make clear that the district court could rely on this guideline alone to depart upward. Furthermore, the upward departures here were not unreasonable because defendants were sentenced at the top of the guideline ranges that would result absent the § 924(c) convictions.
 
 
 4
 We also find no merit in Oliver's and McMillan's contention that the district court violated the Ex Post Facto Clause by using the 1993 Guidelines in effect at the time of sentencing, rather than the 1992 Guidelines in effect at the time of their offenses. The Ex Post Facto Clause is violated when a guideline change (1) applies to events before its enactment, and (2) disadvantages the defendant. United States v. Carson, 988 F.2d 80, 81-82 (9th Cir.1993). No such violation occurred here, however, because as the government correctly notes, the 1993 Guidelines are actually more favorable to defendants. Under the 1992 Guidelines, the district court would have had to apply a seven-level enhancement for discharge of a firearm. U.S.S.G. § 2B3.1(b)(2)(A) (1992). The 1993 Guidelines, by contrast, forbid such an enhancement under these circumstances, instead authorizing a district court to depart upward to correct any injustice. Even after accounting for the two-point enhancement for carjacking under the 1993 Guidelines, U.S.S.G. § 2B3.1(b)(1)(B), therefore, defendants' guideline ranges were lower under the 1993 version. Moreover, the upward departure provision did not prejudice the defendants because the district judge made clear that under either set of Guidelines he would sentence the defendants to the 300 months that our remand imposed as an upper limit.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3