122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sean HOWARD, Defendant-Appellant.
 No. 96-50262.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Filed August 27, 1997.
 
 Appeal from the United States District Court for the Central District of California, Harry L. Hupp, District Judge, Presiding.
 Before SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sean Howard appeals his conviction and sentence following a jury trial for conspiracy to commit theft of a federally insured credit union in violation of 18 U.S.C. §§ 371, 2113(a) and (d); armed robbery of a federally insured credit union in violation of 18 U.S.C. § 2113(a) and (d); and for possession and use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Pursuant to Anders v. California, 386 U.S. 738 (1967), Howard's counsel filed a brief stating that he finds no meritorious issues for review, and moves to withdraw as counsel of record. Counsel identifies five potential issues for review. We have jurisdiction pursuant to 28 U.S.C. § 1291. We independently review the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), and we grant counsel's motion to withdraw and affirm the district court's judgment.
 
 
 3
 First, Howard requested permission to call an expert witness to testify regarding the reliability of eyewitness testimony. The district court did not err by excluding the expert testimony because the act of identifying people was part of the jurors' day-to-day experience and did not require special scientific knowledge. See United States v. Hicks, 103 F.3d 837, 847 (9th Cir.1996), cert. denied, 117 S.Ct. 1483 (1997). Moreover, the necessary information could have been drawn out during cross-examination and cured by giving a comprehensive jury instruction. See id.
 
 
 4
 Second, Howard submitted a proposed jury instruction on eyewitness identification at the close of testimony. This issue lacks merit because the jury instructions adequately covered Howard's mistaken identity theory of the defense. See United States v. Labansat, 94 F.3d 527, 531 (9th Cir.1996), cert. denied, 117 S.Ct. 1013 (1997).
 
 
 5
 Third, Howard moved for judgment of acquittal, pursuant to Federal Rule of Criminal Procedure 29, at the close of the government's case-in-chief and after the verdict was rendered. This issue lacks merit because, when reviewing the evidence in the light most favorable to the government, a rational trier of fact could have found the elements of the crime beyond a reasonable doubt. See United States v. Alvarez, 972 F.2d 1000, 1002 n. 1 (9th Cir.1992) (per curiam).
 
 
 6
 Fourth, Howard filed an objection to the recommended two-level enhancement for physical restraint of a victim, prior to sentencing. This issue lacks merit because the physical restraint of a victim by his codefendant was foreseeable and warranted a two-level enhancement under U.S.S.G. § 2B3.1(b)(4)(B). See United States v. Shaw, 91 F.3d 86, 89 (9th Cir.1996) (Howard was one of Shaw's codefendants in the robbery of the Beckman Employee Credit Union).
 
 
 7
 Finally, Howard challenged the use of his state conviction for firearm possession in calculating his criminal history score. This issue lacks merit because we previously determined that "prior sentences" for purposes of calculating the criminal history score in federal cases, include state convictions that occurred after the federal offense, but where the sentence was imposed prior to the sentence in the federal case. See United States v. Carson, 988 F.2d 80, 81 (9th Cir.1993) (per curiam).
 
 
 8
 Because our independent review of the record yields no meritorious issues for review, see Penson, 488 U.S. at 83, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3