141 F.3d 1182
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
J. Jesus PINEDA-PINEDA, aka Jesus Jose Pineda-Pineda,
Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Omar GOICOCHEA-PINEDA, aka Jose Juan Vasquez-Ruvalcaba,
Defendant-Appellant.
 No. 97-30016, 97-30047.
D.C. No. CR-96-00235-04-HA.
D.C. No. CR-96-00235-02-HA.
 United States Court of Appeals, Ninth Circuit.
 Submitted Mar. 3, 1998**.
Decided Mar. 5, 1998.
 
 Appeal from the United States District Court for the District of Oregon Ancer L. Haggerty, District Judge, Presiding.
 Before FERNANDEZ, RYMER, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jose Jesus Pineda-Pineda and Omar Goicochea-Pineda appeal the sentences imposed following their guilty plea convictions for conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction, 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * Pineda-Pineda contends that insufficient evidence supports the district court's finding that the relevant conduct of co-conspirators was foreseeable and attributable to Pineda-Pineda for purposes of United States Sentencing Guideline § 1B1.3. We disagree, as Pineda-Pineda served as a lookout during the May 29, 1996 transaction in which 221.6 grams of cocaine were sold and there was also evidence that he had access to the storage facility where cocaine for the June 17, 1996 transaction (in which 1,069 grams were seized) was stored such that the drugs in that locker would be reasonably foreseeable to him. In any event, as the PSR indicated (and the district court found), this amount of cocaine was within the relevant conduct and the offense level to which Pineda-Pineda agreed in his plea.
 
 
 4
 Pineda-Pineda's argument that the district court did not adequately address his objections to the PSR lacks merit. The court acknowledged Pineda-Pineda's objections and then explicitly adopted the revised presentence report as its own findings and conclusions of law, thus satisfying Fed.R.Crim.P. 32. See United States v. Rosales, 917 F.2d 1220, 1222 (9th Cir.1990).
 
 II
 
 5
 * Goicochea-Pineda argues that the district court erred in imposing a two-level enhancement for possessing a firearm during the commission of the offense pursuant to U.S.S.G. § 2D1.1(b)(1). Goicochea-Pineda admitted that the pistol that was found in his bedroom was his. And, as the district court found, drug transactions took place in a neighboring apartment, and the drugs were stored in a wooded area nearby. As such, it was not clearly improbable that the gun was connected with the offense. U.S.S.G. § 2D1.1, app. note 3. Therefore, the district court did not err in enhancing Goicochea-Pineda's sentence for possession of a firearm during his drug offense. See United States v. Stewart, 926 F.2d 899, 900-02 (9th Cir.1991).[1]
 
 B
 
 6
 Goicochea-Pineda also argues that the district court erred in withholding an additional one-level reduction based on timely acceptance of responsibility under U.S.S.G. § 3E1.1(b)(2) because the government did not argue to the district court that it was engaged in meaningful trial preparation when he gave notice of his intent to plead guilty. However, Goicochea-Pineda did not plead guilty until the day of trial. Thus, he is not entitled to the additional one-level reduction. See United States v. Kimple, 27 F.3d 1409, 1413 (9th Cir.1994). As court records reflect that in the two weeks before his trial was scheduled, the government filed numerous documents in preparation for the trial, it cannot be said that Goicochea-Pineda's guilty plea permitted "the government to avoid preparing for trial" or allowed "the court to allocate its resources efficiently." 3E1.1(b)(2); see also United States v. Hopper, 27 F.3d 378, 385-86 (9th Cir.1994).
 
 C
 
 7
 Goicochea-Pineda contends that the district court erred in applying a two-level supervisor role enhancement pursuant to U.S.S.G. § 3B1.1(c). We disagree, as the testimony at the sentencing hearing shows that Goicochea-Pineda had authority to negotiate prices for drug sales, that he was one of only three people involved in the conspiracy who knew where the drugs were hidden, and that he instructed at least two others in making retail sales of cocaine. In addition, the court found (in accord with the presentence report) that Goicochea-Pineda was left in charge of the organization's operations in Astoria, Oregon, after his brother moved to Eugene. In light of this evidence, the district court did not clearly err in applying the two-level supervisor role adjustment. See United States v. Barnes, 993 F.2d 680, 685 (9th Cir.1993); United States v. Hernandez, 952 F.2d 1110, 1119 (9th Cir.1991).
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Goicochea-Pineda's arguments that his co-defendants did not receive the same enhancements he did are meritless as disparity in sentencing among co-defendants is not, by itself, sufficient grounds for attacking an otherwise proper Guidelines sentence. See United States v. Hoy, 932 F.2d 1343, 1345 (9th Cir.1991)